IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

No. CA

BEST MEDICAL INTERNATIONAL, INC.　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Vs.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　COMPLAINT IN PATENT
ACCURAY, INC. a corporation;  ROBERT　)　　INFRINGEMENT
HILL, David Spellman, John David Scherch,　)
Marcus Bittman.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Filed on behalf of the Plaintiff

　　　　　　　Defendants.

ROBERT O LAMPL, ESQUIRE
PA ID# 19809
960 Penn Ave. Suite 1200
Pittsburgh, PA 15222
412-392-0330
412-392-0335 fax
Email – rlampl@lampllaw.com

JAMES A. ASHTON, ESQUIRE
PA ID# 11097
500 Lewis Run Road
Suite 227
Pittsburgh, PA 15122
412-466-7301
Email-jashton@
southwesternhealthcare.com

JAMES R. COONEY, ESQUIRE
PA ID#  32706
960 Penn Ave. Suite 1200
Pittsburgh, PA 15222
412-392-0330
412-392-0335
jcooney@lampllaw.com

**JURY TRIAL DEMANDED**

N THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA


No. CA

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| ACCURAY, INC. a corporation;  ROBERT | ) |
| HILL, David Spellman, John David Scherch, | ) |
| Marcus Bittman. | ) |
| | ) |

Defendants.


## COMPLAINT IN PATENT INFRINGEMENT


COMES NOW, Plaintiff, Best Medical International, Inc., by its Attorneys,

Robert O Lampl, James A. Ashton, James R. Cooney and files its Complaint in Patent

Infringement as follows:

## I.    JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 USC Sec.

271, 281, 283-285.  Subject matter jurisdiction is conferred on this Court by 28 USC

Secs. 1331 and 1338(a).  Venue is proper in this Court under 28 USC Sec. 1391 (b), 1391

(c) and/or 1400 (b).

## II.    PARTIES

2.      Plaintiff, Best Medical International Inc. (Best Medical) is a corporation

organized under the laws of the State of Virginia, with its principal place of business

located at 7043 Fullerton Road, Springfield, VA 22153.

3.      The Defendant Accuray, Inc. (Accuray) is a corporation, existing under

2

the laws of the State of California with a principal place of business at 1310 Chesapeake

Terrace, Sunnyvale, California 94089.  Accuray maintains a place of business/office in

the Western District of Pennsylvania.

4.      The Defendant Robert Hill (Hill) is an adult individual who currently

resides in 1370 Westmont Ave., Campbell, CA 95008

5.      The Defendant, David Spellman (Spellman), is an adult individual who

currently resides at 96 Seldom Seen Road, Wexford, Pennsylvania 15090.

6.      The Defendant John David Scherch, (Scherch), is an adult individual who

currently resides at 438 S. Dallas Avenue, Pittsburgh, Pennsylvania 15208.

7.      The Defendant Marcus Bittman (Bittman), is an adult individual who

currently resides at 323 Summerfield Drive, Baden, Pennsylvania 15005.

### III.      BACKGROUND

8.       NOMOS Corporation acquired the rights to U.S. Patent No. 5,596,619 in

an assignment from the inventor, Mark P. Carol, executed April 19, 1994 and recorded in

the U.S. Patent and Trademark Office May 17, 1994 at reel 007006/0560.

9.      On September 11, 2007, Movant, Best Medical purchased most of the

assets of NOMOS Corporation and North American Scientific, hereafter Vendors.

Included in said sale were patents, patents pending and licensing agreements, and other

intellectual property owned by Vendors.  See Exhibit 1 attached.

10.      As the result of its purchase, Plaintiff is the owner of U.S. Patent No. 5,

596,619, ('619)  and an assignment of the rights to U.S. Patent No. 5,596,619 from

NOMOS Corporation to the Plaintiffs was executed September 17, 2007 and recorded in

the U.S. Patent and Trademark Office November 2, 2007 at reel/frame 020062/0709.

Summary description of U.S. Patent No. 5,596,619 is as follows:

A method and apparatus for conformal radiation therapy, with a radiation beam having a predetermined, constant beam intensity, that treats the entire tumor volume of a patient's tumor, and the beam intensity of the radiation beam is spatially modulated across the tumor, by separating the radiation into a plurality of treatment beam segments and independently modulating the beam intensity of the plurality of radiation beam segments.  (See Exhibit 2 attached)

11.    The subject matter of the patent description above, as well as the subject matter of the '619 patent, see Exhibit 2 attached,  is generally described in the oncological community as Intensity Modulated Radiation Therapy, hereafter referred to as "IMRT".

12.    U. S. Patent No. 5,596,619 ('619), was invented by Mark P. Carol and was assigned to NOMOS Corporation as noted above.  The patent application 08/245,626 was filed on May 17, 1994 in the U.S. Patent and Trademark Office, and issued on January 21, 1997 as the '619 patent.

13.    Vendors were the developers and owners of the technology set forth in the '619 patent which technology (IMRT) and patent rights therein are now owned by Plaintiff by virtue of its September 11, 2007 assignment from NOMOS Corporation.

14.    This consolidated case had its genesis with a suit filed in this Court by Defendant Robert Hill at CA 07-1709 against Plaintiff, Best Medical. Defendant Hill was a former employee of the Plaintiff, who voluntarily resigned from his employment with Plaintiff and accepted employment with the Defendant, Accuray, notwithstanding the terms of his employment contract with NOMOS Corporation that contained a Non-Compete clause.  Hill's NOMOS employment contract was assigned to Plaintiff, Best Medical.

15.    Thereafter, Defendant Hill sought damages from Plaintiff for its alleged failure to fully pay benefits due to Defendant Hill at the time of his termination.  Plaintiff

counterclaimed asserting that prior to Defendant Hill's departure he downloaded

confidential, proprietary, intellectual property and trade secrets of Plaintiff from

Plaintiff's computers, without Plaintiff's knowledge or consent.

16.     Thereafter, and at various times,  the Defendants Scherch, Spellman and

Bittman, in collusion with the Defendant Hill and Accuray, also resigned their positions

at Best Medical, and they too, like Defendant Hill, downloaded confidential, proprietary,

intellectual trade secrets of Plaintiff from Plaintiff's computers without the knowledge or

consent of Plaintiff.  These Defendants also became employed at Accuray.

17.     On October 6, 2008, Plaintiff filed suit in this Court at CA 08-1404

against Defendants Hill, Bittman, Scherch, and Spellman alleging, inter alia, the torts of

conversion and theft of trade secrets in violation of Pennsylvania law.

18.     On the 15th day of March 2008, and on April 11, 2008, the parties to the

aforementioned suits, entered into stipulated court ordered injunctions.  Pursuant to the

same, the Defendants in that case surrendered their computer hard drives and submitted

them for analysis pursuant to the Court Orders.  See Exhibit 3 attached.  Said Orders

provided inter alia:

> 1.  Defendants are enjoined and prohibited from using Best Medical's "confidential and proprietary information and trade secrets" in any way, including use in any occupation and/or business venture in which Defendants are involved.

> 2.  Defendants are enjoined and prohibited from imparting, disclosing, and/or reproducing Best Medical's "confidential and proprietary information and trade secrets" to any other person or entity, without the prior, written consent of an officer of Best Medical, or unless provided for in this Stipulated Order of Court.

> 3.  For purposes of this Stipulated Order of court, Best Medical's "confidential and proprietary information and trade secrets: shall include, but are not limited to (i) applications, source code and data files regarding products of Best Medical and/or NOMOS, (ii) Best Medical and/or NOMOS product development documents and information, and (iii) Best Medical and/or NOMOS marketing research materials.  It shall also encompass any other information which is protected by Best

5

Medical and/or NOMOS as confidential information, including, but not limited to, information concerning Best Medical's and/or NOMOS' accounts, sales, sales volume, sales methods, sales proposals, internal financial data, customers or prospective customers, prospect lists, company manuals, formulae, products, processes, flow charts, plans, drawings, designs, technical specifications, methods, compositions, ideas, improvements, inventions, research, computer programs, system documentation, software products, patented products, copyrighted information, know-how and operating methods and other trade secret or proprietary information belonging to Best Medical and/or NOMOS or relating to best Medical's and/or NOMOS' affairs that are not public information.

•        •        •

19.     Plaintiff instituted a civil action in the U.S. District Court for the Western District of Pennsylvania at No. CA 09-01194 on September 2, 2009 against the Defendant Accuray and the individual Defendants, contending inter alia, that the Defendant engaged in a conspiracy to steal Plaintiff's trade secrets and confidential and proprietary information.

20.     The three cases, referenced above, were consolidated by Order of Judge Standish on March 16, 2010.

21.     Throughout the pleadings and proceedings in the consolidated cases, the Defendants have asserted that Accuray is not in competition with Plaintiff; that the individual Defendants did not reveal any trade secrets to Accuray and that the product of Accuray known as the CyberKnife System was not similar to any of Best Medical's technology.

22.     IMRT Technology is patented technology that is owned by the Plaintiff.

23.     On or about February 28, 2010, the Defendant Accuray filed its 10Q SEC Report for the 4th quarter of 2009.  In said report, Defendant Accuray announced that it had developed and is marketing a new product, CyberKnife VSI System, that utilizes IMRT technology. Relevant excerpts are attached and marked Exhibit 4.

24.     On November 2, 2009, the Defendant Accuray further published in Exhibit 5 (a Press Release),  that it had developed a new product, the CyberKnife VSI System, which employed new technology, known as Intensity Modulated Radiation Technology (IMRT).  IMRT is short for Intensity Modulated Radiation Therapy.  The intensity of the radiation in IMRT can be changed during treatment to spare more adjoining normal tissue than is spared during conventional radiation therapy.  Because of this, an increased dose of radiation can be delivered to the tumor using IMRT technology. Intensity modulated radiation therapy is a type of conformal radiation, which shapes radiation beams to closely approximate the shape of the tumor.  This technology was invented by North American Scientific and subsequently acquired by Plaintiff as the result of Best Medical's purchase of the assets of NOMOS Corporation.

25.     The IMRT technology used in the CyberKnife VSI is owned by the Plaintiff and apparently was provided to said Defendant Accuray, in violation of Pennsylvania law, the U.S. Patent laws, and the injunctions of this Court, by the Defendants Scherch, Hill, Bittman and Spellman to Accuray.  Accuray, it is believed, is now using this technology to manufacture the CyberKnife VSI.  The Defendants Hill, Spellman, Scherch and Bittman induced Accuray to infringe Plaintiff's patent.

26.     Section 271(6) of the Patent Law provides that "whoever actively induces infringement of a patent shall be liable as an infringer".

27.     Under the circumstances, the Plaintiff seeks injunctive relief, damages, attorney's fees and costs from and against the said Defendant Accuray to stop the marketing, manufacture and sale of CyberKnife VSI, and any other Accuray product employing IMRT technology.

<u>COUNT I</u>

28.     Paragraphs 1 through 27 above are incorporated herein by reference.

29.   U.S. Patent No. 5,596,619 ('619) was filed on May 17, 1994 by Mark P. Carol, and assigned to NOMOS Corporation.  The patent was issued on January 21, 1997. The patent is related to a method and apparatus for conformal radiation therapy, with a radiation beam having a pre-determined, constant beam intensity, treats the entire tumor volume of a patient's tumor, and the beam intensity of the radiation beam is spatially modulated across the tumor, by separating the radiation into a plurality of treatment beam segments and independently modulating the beam intensity of the plurality of radiation beam segments.  The independent modulation of the beam intensities may be accomplished by selectively and independently filling, or removing, a flowable, radiation blocking material from a compartment associated with each radiation beam segment. U.S. Patent No. 5,596,619 ('619) has a full statutory term that extends until January 21, 2014.

30.     Defendant Accuray has manufactured and sold as CyberKnife VSI, cancer treatment systems, that utilize the intensity modulated radiation treatment system patented technology owned by Plaintiff, that infringe upon each of the elements of one or more claims of the "619 patent", without license from Plaintiff, both in this judicial district, and elsewhere throughout the United States.

31.     By making, using, selling, and/or offering for sale its CyberKnife VSI, Defendant Accuray and the Defendants Hill,  Scherch, Spellman and Bittman have directly and contributorily infringed, and will continue to directly and contributorily infringe, one or more claims of the U.S. Patent No. 5,596,619 patent under 35 U.S.C. § 271 (a), (b), (c), and/or (f), literally and/or under the doctrine of equivalents.

32.     By making, using, selling, and/or offering for sale its CyberKnife VSI, Defendant Accuray induced infringement of, and will continue to induce infringement of, one or more claims of the U.S. Patent No. 5,596,619 patent under 35 U.S. C. § 271 (b) and/or (f), literally and/or under the doctrine of equivalents.

33.     On information and belief, Accuray, Hill, Scherch, Bittman and Spellmans' infringement of the U.S. Patent No. 5,596,619 patent has been and continues to be willful and deliberate.

34.     As a direct and proximate consequence of the acts and practices of the Defendants, Best Medical has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 283.

35.     As a direct and proximate consequence of the acts and practices of the Defendant Accuray, Defendant has also caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Plaintiff Best Medical for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Best Medical prays for the entry of a judgment from this Court:

a.      Declaring that United States Letters Patent was duly and legally issued, is valid and is enforceable;

b.      Declaring that Defendants Accuray, Hill, Scherch, Spellman and Bittman have directly infringed, contributory infringed, and/or

induced infringement of one or more claims of the '619' patent;

c.      Declaring that Defendants Accuray, Hill, Scherch, Spellman and Bittman have willfully infringed one or more claims of the '619 patent;

d.      Deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Plaintiff to an award of its reasonable attorney fees, expenses and costs in this action;

e.      Preliminarily and permanently enjoining Defendants Accuray, Hill, Scherch, Spellman and Bittman  and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from committing further acts of infringement under 35 U.S.C. § 271 of any one or more claims of '619' patent pursuant to 35 U.S.C. § 283;

f.      Awarding Plaintiff damages in accordance with 35 U.S.C. § 284;

g.      Awarding Plaintiff its costs in connection with this action;

h.      Awarding treble damages due to the Defendants' willful infringement; and

i.      Awarding Plaintiff such other and further relief as this Court may deem to be just and proper.

**JURY TRIAL DEMANDED**

<u>COUNT II</u>

(As to the individual Defendants)

36.      Paragraphs 1 through 35 above are incorporated herein by reference.

37.     The Defendants Hill, Bittman, Spellman and Scherch (collectively the individual Defendants) have at various unknown times, both prior to the entry of the above referenced injunctions and after, have aided and abetted Accuray's infringement of Plaintiff's patent, as set forth above generally, and as set forth below:

   a.) In divulging Plaintiff's trade secrets and intellectual property to the Defendant Accuray.

   b.) In downloading Plaintiff's trade secrets and protected intellectual property from Plaintiff's computers, and disclosing the same to the Defendant Accuray.

38   As a direct and proximate consequence of the acts and practice of the Defendant Accuray, Best Medical has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 283.

39.  As a direct and proximate consequence of the acts and practices of the individual Defendants, Best Medical has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights and has suffered, is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 283.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Best Medical prays for the entry of a judgment from this Court:

   a.  Declaring that United States Letters Patent was duly and legally issued, is valid and is enforceable;

b.  Declaring that Defendants Accuray, Hill, Scherch, Spellman and

    Bittman have directly infringed, contributory infringed, and/or induced

    infringement of one or more claims of the '619' patent;

c.  Declaring that Defendants Accuray, Hill, Scherch, Spellman and

    Bittman have willfully infringed one or more claims of the '619

    patent;

d.  Deeming this to be an "exceptional" case within the meaning of 35

    U.S.C. § 285, entitling Plaintiff to an award if its reasonable attorney

    fees, expenses and costs in this action;

e.  Preliminarily and permanently enjoining Defendants Accuray, Hill,

    Scherch, Spellman and Bittman  and their respective officers, agents,

    servants, employees, and attorneys, and those persons in active concert

    or participation with them who receive actual notice of the order by

    personal service or otherwise, from committing further acts of

    infringement under 35 U.S.C. § 271 of any one or more claims of the

    '619' patent pursuant to 35 U.S.C. § 283;

f.  Awarding Plaintiff damages in accordance with 35 U.S.C. § 284;

g.  Awarding Plaintiff its costs in connection with this action;

h.  Awarding treble damages due to the Defendants' willful infringement;

    and

i.  Awarding Plaintiff such other and further relief as this Court may

    deem to be just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,


*/s/ Robert O Lampl*
Robert O Lampl

*/s/ James A. Ashton*
James A. Ashton

*/s/ James R. Cooney*
James R. Cooney

960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:
rlampl@lampllaw.com

500 Lewis Run Road, Suite 227
Pittsburgh, PA 15122
(412) 466-7301
jashton@southwesternhealthcare.com

Attorneys for the Plaintiff