**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC.<br><br>                      Plaintiff,<br><br>          vs.<br><br>ACCURAY, INC., a corporation;<br><br>                      Defendant. | Case No. 2:10-CV-1043 (TFM) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
INITIAL PATENT DISCLOSURES PURSUANT TO LOCAL PATENT RULE 3.1**

Kirsten R. Rydstrom
PA ID No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
ALSTON & BIRD LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008
(650) 838-2000
(650) 838-2001 (fax)
madison.jellins@alston.com

Janice A. Christensen
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9400
(212) 210 9444 (fax)
janice.christensen@alston.com

A*ttorneys for Defendant*
*Accuray Incorporated*

**I.      INTRODUCTION**

Defendant Accuray Incorporated ("Accuray") hereby moves, pursuant to Federal Rule of Civil Procedure 37(a), to compel Plaintiff Best Medical International, Inc. ("Best Medical") to produce the Initial Patent Disclosures required under Local Patent Rule 3.1 and this Court's Case Management/Scheduling Order issued on May 12, 2011 (Doc. No. 55). Without explanation, Best Medical has failed to produce the most basic documents required by the Local Patent Rules and the Court's Order.

Pursuant to this Court's Case Management/Scheduling Order, the parties were required to exchange their Initial Patent Disclosures on May 26, 2011. Best Medical requested an extension of that deadline. Accuray stipulated to extend the deadline until June 1, 2011, and the Court granted the extension (Doc. No 59). Even after receiving this extension of time, however, Best Medical failed to produce meaningful disclosures. As further discussed below, Best Medical has failed to produce critical documents called for under Local Patent Rule 3.1 – documents that are uniquely within its possession, custody and control, such as invention disclosures and other documents relating to the conception and reduction to practice of the claimed invention, as well as sales and offers for sale of the claimed invention. Best Medical has not even produced the prosecution history of the patents-in-suit!

Accuray has made good faith efforts to resolve this issue with Best Medical, but has received no response. Indeed, by letters dated June 3, 2011 and June 9, 2011, Accuray specifically pointed out the various deficiencies in Best Medical's document production and requested that Best Medical immediately supplement its disclosures. *See* Exhibits 1 and 2, June 3, 2011 letter from Madison C. Jellins to Brit Groom; June 9, 2011 letter from Madison C. Jellins to Brit Groom. Best Medical has not responded to (or even acknowledged) Accuray's June 3rd and June 9th letters, much less cured the deficiencies in its production.

While Local Patent Rule 3.2 permits a plaintiff to supplement its Initial Patent Disclosures document production at the time it serves its Disclosure of Asserted Claims and Infringement Contentions, Best Medical did not make use of that opportunity to cure the deficiencies in its production. Instead, after having been put on notice of specific deficiencies in its document production, Best Medical did not produce a single document to Accuray when it served its Disclosure of Asserted Claims and Infringement Contentions on June 13, 2011. Nor did Best Medical answer Defendant's letters requesting production or an explanation. Given Best Medical's refusal to remedy its Initial Patent Disclosures despite several opportunities, Accuray is left with no other recourse than to seek the Court's assistance to compel meaningful disclosures.

Accuray has maintained from the inception of this case that Best Medical did not have a reasonable basis for filing suit. Apparently, Best Medical now agrees, at least with respect to the '619 patent. Just minutes before serving its Disclosure of Asserted Claims and Infringement Contentions, Best Medical's in-house counsel, Brit Groom, contacted Accuray's litigation counsel by e-mail. Best Medical did not address the deficiencies in its Initial Disclosures, but instead advised Accuray that it intends *to drop its claims related to one of the patents-in-suit, U.S. Patent No. 5,596,619* (the "'619 patent"). *See* Exhibit 3, June 13, 2011 E-Mail from Brit Groom to Madison Jellins. In that e-mail, *Best Medical indicated that it has decided to file a motion to dismiss Count 1 of the Amended Complaint (Doc. No.34 ) –which alleges direct infringement of the '619 patent against Accuray – "after working on the claims chart this weekend and preparing for today's Disclosure of Asserted Claims.*" (Exhibit 3). The most reasonable inference that can be drawn from this statement is that, in preparing its claim charts for its Infringement Contentions, Best Medical concluded that it does not have a viable claim

2

against Accuray for direct infringement of the '619 patent. Best Medical's admission that it is unable to prepare a claim chart for the '619 patent reinforces Accuray's belief that Best Medical failed to conduct a proper factual investigation and analysis pursuant to Rule 11 prior to filing its initial Complaint (based solely on the '619 patent) in August, 2010 (Doc. No. 1) or its Amended Complaint (based on the '619, '175[1] and '283[2] patents) in December, 2011 (Doc. No. 34). *See* Fed. R. Civ. P. 11.

Given this recent development and its history of pursuing specious claims, if Best Medical actually intends to maintain an action based on the sole remaining patent in this case, it must supplement its Initial Disclosures immediately.

## II.     Local Patent Rule 3.1 Requires Plaintiff to Produce Specific Documents

Under Local Patent Rule 3.1, Best Medical was required to produce the following categories of documents with its Initial Disclosures:

> All documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreement, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell or other manner of transfer, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.
>
> All documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application for the patent in suit or a priority date otherwise identified for the patent in suit, whichever is earlier; and
>
> All documents evidencing communications to and from the U.S. Patent Office for each patent in suit and for each patent on which a claim for priority is based.

---

[1] U.S. Patent No. 7,266,175.

[2] U.S. Patent No. 6,038,283.

Local Patent Rule 3.1. Local Patent Rule 3.1 further provides that "[t]he producing party shall separately identify by production number which documents correspond to each category." *Id.*

### III. Best Medical's LPR 3.1 Document Production Violates the Local Patent Rules and This Court's Order

Best Medical's document production consists of only 61 pages, and omits key documents that were required to be produced under the Local Patent Rules and this Court's Case Management/Scheduling Order (Doc. No. 55). For the Court's reference, Best Medical's document production pursuant to Local Patent Rule 3.1 is attached in its entirety as Exhibit 4 hereto. As the Court will see from Exhibit 4, Best Medical produced **only** the following documents with its Initial Patent Disclosures:

(1) the text of U.S. Patent 5,596,619 (which Best Medical now seeks to dismiss from this suit) which appears to have been printed from the website of the United States Patent and Trademark Office (Exhibit 4 at P-12 to P-35);

(2) a patent assignment abstract of title for the '619 patent, which appears to have been printed from the website of the United States Patent and Trademark Office (Exhibit 4 at P-36);

(3) a "Statement under 37 CFR 3.73(b)" regarding the assignment of an unidentified patent (Exhibit 4 at P-37);

(4) the text of U.S. Patent 6,038,283, which appears to have been printed from the website of the United States Patent and Trademark Office (Exhibit 4 at P-38 to P-60);

(5) a "Statement under 37 CFR 3.73(b)" regarding the assignment of an unidentified patent (Exhibit 4 at P-61); and

(6) information regarding Accuray's CyberKnife VSI system, which appears to have been printed from Accuray's website (Exhibit 4 at P-1 to P-11).

Noticeably absent from Best Medical's LPR 3.1 document production were documents in each of the categories specified in Local Patent Rule 3.1. For example, Best Medical did not produce a single document relating to:

- the conception, reduction to practice, design and development of the claimed invention;
- the communications to and from the U.S. Patent Office during the prosecution of the patents-in-suit; or
- any sales or offers for sale or disclosures of the claimed invention.

It is inconceivable that Best Medical does not have at least the following documents in its possession, custody or control: (i) the file history of the patents-in-suit, (ii) invention disclosures related to the patents-in-suit, (iii) inventor notebooks and other design documents related to the conception and reduction to practice of the claimed inventions; (iv) drawings and schematics related to the conception and reduction to practice of the claimed inventions; and (v) sales invoices, contracts, purchase orders, marketing materials, and/or development agreements related to the claimed inventions, among other relevant documents. Nevertheless, Best Medical has failed to produce any of these documents. Most importantly, Best Medical has failed to provide any explanation as to why it did not produce these documents, and has ignored two letters from Accuray which specifically pointed out these deficiencies and requested immediate production of these materials. (Exhibits 1 and 2).

Best Medical's failure to produce these critical documents without any explanation and its failure to respond to Accuray's letters on this issue violates both the Local Patent Rules and this Court's Case Management/Scheduling Order (Doc. No. 55). Best Medical should be compelled to cure these deficiencies immediately.

**IV.     Best Medical Has Repeatedly Pursued Baseless Claims and Violated this Court's Rules**

Since the inception of this case, Best Medical has engaged in a pattern of conduct which raises legitimate questions as to whether it conducted a proper pre-filing investigation pursuant to Fed. R. Civ. P. 11 and has acted in good faith in bringing this case.  Best Medical first asserted specious, legally unfounded claims of direct and indirect infringement against four of Accuray's Individual Employees.  Best Medical's claims against the Individual Employees were ultimately dismissed (Doc. No. 46), but only after the Individual Defendants had been dragged through this suit for months and prevailed on two motions to dismiss.  (Doc. Nos. 33, 46).  In its Amended Complaint, Best Medical added two patents (the '283 patent and the '175 patent) (Doc. No 34).  The allegations based on the '175 patent against Accuray were dismissed entirely upon Accuray's second motion to dismiss.  Best Medical's specious allegations against Accuray for indirect infringement of U.S. Patent No. 6,038,283 ultimately were also dismissed upon Accuray's second motion to dismiss (Doc. No. 46).

Now, as discussed above, on the date that its Infringement Contentions were due, Best Medical informed Accuray's counsel that it intends to move to dismiss its claim for infringement of the '619 patent.   Best Medical stated that it decided not to pursue this claim "after working on the claims chart this weekend and preparing for today's Disclosure of Asserted Claims."  (Exhibit 3).  This admission that Best Medical is unable to draft an infringement claim chart based on the '619 patent raises legitimate questions of whether Best Medical pursued its claims against Accuray (and the Individual Defendants) for over ten months before conducting a proper infringement analysis under Federal Rule of Civil Procedure 11.

To make matters worse, Best Medical has disregarded this Court's rules on more than one occasion.  For example, Plaintiff previously disregarded this Court's November 15, 2010

6

Order which permitted it to "file a brief no more than eight pages in rebuttal to Accuray's Reply Brief [in support of its original motion to dismiss]." (Doc. No. 28)  As the Court noted in its Order granting Accuray's motion to strike Plaintiff's Sur-Reply Brief, Plaintiff intentionally disregarded the applicable rules in an attempt to obtain unfair advantage.  (Doc. No. 33 at p. 2)  Now, with its Initial Disclosures, Plaintiff has again disregarded the rules of this Court by withholding key documents that were required to be produced – documents that Accuray needs in order to prepare its Invalidity Contentions – and refusing to respond to Accuray's June 3rd and June 9th letters regarding these deficiencies.  This appears to be yet another deliberate effort to evade mandatory requirements intended to establish a fair and level playing field and, as such, should not be condoned.  *See id.*

### V. CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order compelling Best Medical to produce proper Initial Patent Disclosures, including all of the documents required to be produced under Local Patent Rule 3.1.

Dated this 15th day of June, 2011.   By: /s/ Kirsten R. Rydstrom

Kirsten R. Rydstrom
PA ID No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
ALSTON & BIRD LLP
275 Middlefield Road
Suite 150

7

Menlo Park, CA 94025-4008
(650) 838-2000
(650) 838-2001 (fax)
Email: madison.jellins@alston.com

Janice A. Christensen
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9400
(212) 210 9444 (fax)
Email: janice.christensen@alston.com

*Attorneys for Defendant Accuray Incorporated*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 15, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system will send notification of such filing to all counsel of record.  Counsel may access such document using the Court's system.

      /s Kirsten R. Rydstrom
*Attorneys for Defendant Accuray Incorporated*

Dated: June 15, 2011