IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,** )<br>Plaintiff, )<br> )<br>v )<br> )<br>**ACCURAY, INC.**, *a corporation*, )<br>Defendant. )<br> )<br> )<br> ) | 2:10-cv-1043 |

## MEMORANDUM ORDER

Pending before the Court are DEFENDANTS' MOTION TO COMPEL INITIAL PATENT DISCLOSURES PURSUANT TO LOCAL PATENT RULE 3.1 (Document No. 63) with brief in support; and the MOTION TO DISMISS COUNT 1 OF PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE (Document No. 66) filed by Defendant Accuray, Inc. ("Accuray"). Plaintiff Best Medical International, Inc. ("BMI") filed a response to the motion to compel, in which it acknowledged that BMI agreed to dismiss Count I of the Amended Complaint with prejudice. Accuray filed a reply and brief. Accordingly, the motions are ripe for disposition.

This is a patent infringement case in which Plaintiff contends that Accuray developed a new cancer treatment system, the CyberKnife VSI System, which allegedly infringes three of BMI's patents. Accordingly, the Local Rules of Practice for Patent Cases before the United States District Court for the Western District of Pennsylvania ("LPR") are applicable.

1

In particular, LPR 3.1 requires the parties to exchange initial disclosures "not later than fourteen (14) days before the Initial Scheduling Conference." LPR 3.1 specifically details the information that must be produced or made available for inspection by a party claiming patent infringement such as BMI. Similarly, LPR 3.2 requires BMI to serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" within thirty (30) days after the Initial Scheduling Conference. BMI knows, or should have known, of the disclosure requirements set forth in LPR 3.1 and 3.2 when it filed its initial Complaint in this case on August 6, 2010.

In June 2011, BMI made a 61-page initial disclosure to Accuray, after having obtaining an extension of time from the Court. Accuray's counsel twice sent correspondence to BMI to point out and remedy the alleged deficiencies in the initial disclosures, to no avail – although BMI did agree to drop its direct infringement claim as to the '619 Patent. Accuray argues that BMI failed to conduct a proper factual investigation prior to filing this lawsuit. In the motion to compel, Accuray contends that BMI's initial disclosures omit key documents, including the file history, invention disclosures, inventor notebooks, design and conception drawings and sales agreements.

In response, BMI acknowledges its disclosure obligations and explains that it is continuing to search for the requested documents. In particular, BMI represented that it had ordered the PTO file for the '283 Patent on June 17, 2011 (<u>after</u> the LPR deadline had expired); that it sent the BMI file for the '283 Patent to Accuray on June 20, 2011; that it had been unable to locate the inventors' notebooks and other historical documents; and that it was aware of its continuing disclosure obligations. BMI further represented that it had circulated a motion to dismiss Count I of the Amended Complaint with prejudice. BMI did not dispute the substance of the motion to compel or the propriety of Accuray's position. Nor did BMI indicate when such

information would be provided (other than that the PTO file will be available within 25 days of the request.)  In its reply brief, Accuray points out, correctly, that BMI's response confirms that BMI failed to comply with LPR 3.1.  For example, BMI did not order the PTO file and did not produce its internal patent file until after the deadline established by the Local Patent Rules had expired and Accuray's motion to compel had been filed.

BMI's "explanation" for its failure to comply with the Local Patent Rules is vague and unpersuasive.  BMI's belated and apparently lackadaisical approach to its disclosure obligations under the Local Patent Rules is unacceptable.  BMI shall fully comply with its initial disclosure obligations on or before July 7, 2011 and it shall strictly comply with all of its obligations under the Local Patent Rules throughout the remainder of this case.

In accordance with the foregoing, DEFENDANTS' MOTION TO COMPEL INITIAL PATENT DISCLOSURES PURSUANT TO LOCAL PATENT RULE 3.1 (Document No. 63) is **GRANTED** and BMI shall fully comply with its initial disclosure obligations on or before July 7, 2011.

The MOTION TO DISMISS COUNT 1 OF PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE (Document No. 66) is **GRANTED** and Count I of the Amended Complaint is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 30th day of June, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Brit D. Groom, Esquire**
Email: bgroom@teambest.com

**Kirsten R. Rydstrom, Esquire**
Email: krydstrom@reedsmith.com
**Janice A. Christensen, Esquire**
Email: janice.christensen@alston.com
**Jennifer Liu, Esquire**
Email: celine.liu@alston.com
**Madison C. Jellins, Esquire**
Email: madison.jellins@alston.com