**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC.<br><br>                     Plaintiff,<br><br>              vs.<br><br>ACCURAY, INC., a corporation;<br><br>                     Defendant. | Case No. 2:10-CV-1043 (TFM) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE THE COURT'S JUNE 30, 2011 ORDER COMPELLING THE PRODUCTION OF INITIAL PATENT DISCLOSURES PURSUANT TO LOCAL PATENT RULE 3.1 AND FOR CONTEMPT**

Kirsten R. Rydstrom
PA ID No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
ALSTON & BIRD LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008
(650) 838-2000
(650) 838-2001 (fax)
madison.jellins@alston.com

Janice A. Christensen
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9400
(212) 210 9444 (fax)
janice.christensen@alston.com

*Attorneys for Defendant
Accuray Incorporated*

I.      **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 37(a), Defendant Accuray Incorporated ("Accuray") hereby moves to enforce this Court's June 30, 2011 Order compelling Plaintiff Best Medical International, Inc. ("Best Medical") to produce the Initial Patent Disclosures required under Local Patent Rule 3.1 by July 7, 2011, and requests that the Court hold Best Medical in contempt. Furthermore, Accuray submits that, because Best Medical failed to provide meaningful conception documents by the Court-ordered deadline, Accuray is entitled to a presumption that the earliest priority date which Best Medical can claim for the '283 patent is the filing date of the provisional application, October 24, 1996. Finally, Accuray submits that it is entitled to attorneys fees and costs for the filing of the original Motion to Compel and this Motion, for Best Medical's violation of this Court's June 30, 2011 Order under Rule 37(a)(5)(A) and 37(b)(2)(A) and (C).

On June 30, 2011, this Court granted Accuray's Motion to Compel Best Medical to produce Initial Patent Disclosures, stating:

> BMIs "explanation" for its failure to comply with the Local Patent Rules is vague and unpersuasive. BMIs belated and apparently lackadaisical approach to its disclosure obligations under the Local Patent Rules is unacceptable. BMI shall fully comply with its initial disclosure obligations on or before July 7, 2011 and it shall strictly comply with all of its obligations under the Local Patent Rules throughout the remainder of this case. (Doc. No. 69).

On July 6, 2011, apparently in response to the Court's Order, Best Medical hurriedly produced two CDs, containing "CORVUS Manuals" and "various iterations of the source code for the CORVUS system." Exh. 1. Best Medical failed to "identify by production number which documents correspond to each category" as required by Local Patent Rule 3.1. Unclear as to Best Medical's reason for producing these particular documents (other than that they were similar to the manuals produced by Accuray in its Initial Disclosures), Accuray requested, by

1

letter dated July 12, 2011, that Best Medical identify the category of documents listed in Local Patent Rule 3.1 to which these documents pertain. Exh. 2. Best Medical responded by email on July 14, 2011, stating that the "Manuals and Source Code *probably* correspond to catagory two of 3.1." (sic) (emphasis added). Exh. 3.

By letter dated July 12, 2011, Accuray notified Best Medical that its July 6, 2011 production did not cure the various deficiencies in Best Medical's Initial Disclosures, that Best Medical is in violation of the Court's June 30, 2011 Order requiring production by July 7, 2011, and requested that Best Medical immediately supplement its disclosures, or confirm that Best Medical has performed a search, and that no documents exist that satisfy these categories. *See* Exhibit 2, July 12, 2011 letter from Madison C. Jellins to Brit Groom.

Best Medical responded in a letter dated July 14, 2011, agreeing that both (1) earlier research and development documents than the CORVUS Manuals and (2) documents evidencing sale or offer to sell the claimed invention prior to the date of application for the patent in suit should exist.[1]  Exh. 4.

Best Medical further indicated that it had discovered additional documents that may be relevant to its Initial Disclosure obligations. Best Medical stated:

> ***Earlier this week***, a large number of fire proof file cabinets were located in a secured storage location. The cabinets contain various documents dating back to the inception of NOMOS. The examination of those documents will be completed by tomorrow evening, Friday July 15, 2011. At that time I will be able to state unequivocally whether or not the documents referenced above exist. Any relevant documents that do exist will be scanned, numbered, and classified, if necessary, over the weekend and sent to you electronically starting on Monday afternoon, July 18, 2011. (Exh. 4).

---

[1] Mr. Groom stated, "I agree that as the precursor to the CORVUS Treatment System, there should be earlier Peacock research and development documents existing. Just as there should be documents evidencing sale or offer to sell the claimed invention prior to the date of application for the patent in suit." Exh. 4.

Best Medical, however, neither confirmed whether responsive documents exist by July 15, 2011, nor did it begin producing additional documents by July 18, 2011. On Monday, July 18, 2011, after the close of business, Accuray sent another letter to Best Medical, requesting immediate production of the documents referenced in Best Medical's July 14, 2011 letter. Exh. 5. Best Medical has not responded. On July 19, 2011, Best Medical sent a letter regarding the deficiencies of its Infringement Contentions under Local Patent Rule 3.2, but did not mention its Initial Disclosures. Exh. 6.

To date, Best Medical has not produced *any* documents which show evidence of conception, reduction to practice, design and development of each claimed invention. In response to the Court Order, Best Medical hurriedly produced what appear to be irrelevant documents, i.e., the CORVUS Manuals and source code. By contrast, although Best Medical has admitted that more relevant documents exist – i.e., documents relating to an earlier precursor Peacock system – these documents are apparently being withheld. In addition, Best Medical has admitted that sales documents should exist, and again, these are apparently being withheld. Even after this Court ordered Best Medical to fully comply with Local Patent Rule 3.1 by July 7, 2011, (Doc. No. 69) and Accuray repeatedly requested that responsive documents be produced, Best Medical has failed to produce critical documents called for under that rule – documents that are uniquely within its possession, custody and control, such as invention disclosures and other documents relating to the conception and reduction to practice of the claimed invention, as well as sales and offers for sale of the claimed invention.

Best Medical filed this suit against Accuray in August 2010, and should have been ready to litigate this case from its inception. Instead, it has dragged its feet every step of the way, forcing Accuray to spend additional time and resources to move this case along. Best Medical

has repeatedly failed to satisfy its obligations under the Local Patent Rules, the Court's Scheduling Order, and most recently, the Court's June 30, 2011 Order. In addition, as a consequence of Best Medical's unexcused delay, Accuray has been severely prejudiced in preparing its Non-infringement and Invalidity Contentions, which are now due in less than one week, on July 27, 2011.[2] Accuray requests that this Court enforce its June 30, 2011 Order, hold Best Medical in contempt for continued violation of this Court's Order, preclude Best Medical from asserting a priority date earlier than the provisional application to the '283 patent, and award Accuray its fees and costs for its original Motion to Compel dated June 15, 2011 (Doc. Nos. 63, 64) and this Motion for Enforcement.

**II.     Local Patent Rule 3.1 Requires Plaintiff to Produce Specific Documents**

As stated in Accuray's original Motion to Compel, Best Medical was required to produce the following categories of documents with its Initial Disclosures under Local Patent Rule 3.1:

> All documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreement, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell or other manner of transfer, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.
>
> All documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application for the patent in suit or a priority date otherwise identified for the patent in suit, whichever is earlier; and
>
> All documents evidencing communications to and from the U.S. Patent Office for each patent in suit and for each patent on which a claim for priority is based.

---

[2] By letter dated July 19, 2011, Best Medical did agree to stipulate to a two week extension for Accuray to serve its Invalidity and Non-Infringement Contentions. Exh. 6.

LPR 3.1. Local Patent Rule 3.1 further provides that "[t]he producing party shall separately identify by production number which documents correspond to each category." *Id.*

### III. Best Medical's LPR 3.1 Document Production Violates the Local Patent Rules and This Court's Order

As detailed above, Best Medical's original document production on June 1, 2011 consisted of only 61 pages, and omitted key documents that were required to be produced under the Local Patent Rules and this Court's Case Management/Scheduling Order (Doc. No. 55). On June 20, 2011, in response to Accuray's Motion to Compel, Best Medical supplemented its production with Best Medical's own prosecution history of the '283 patent. Best Medical indicated that it had ordered a copy of the prosecution history from the Patent Office, but to date the official copy has not been produced. Exh. 10. Finally, on July 6, 2011, Best Medical supplemented its production with six "CORVUS Manuals" (Bates stamped 100000-102403) and "various iterations of the source code for the CORVUS system" (not Bates stamped). Best Medical, however, neglected to state to which category of documents listed in LPR 3.1 these produced documents pertain. In response to Accuray's further request to identify the category to which these documents pertain, Best Medical stated equivocally that the "Manuals and Source Code *probably* correspond to catagory two of 3.1." (sic). See Exhs. 2 and 3.[3]

After three attempts at producing Initial Disclosures under LPR 3.1 and a significant delay of more than six (6) weeks, Best Medical has still failed to produce a single document relating to the conception, reduction to practice, design and development of the claimed invention; or any sales or offers for sale or disclosures of the claimed invention. It is

---

[3] By letter dated July 13, 2011, Accuray also requested that Best Medical renumber its production, as its system of Bates numbering was inconsistent and for some documents, nonexistent. Exh. 7. Best Medical promised to renumber and reproduce its production by July 18, 2011. Exh. 8. To date, Best Medical has not done so.

inconceivable that Best Medical does not have at least the following documents in its possession, custody or control: (i) invention disclosures related to the patents-in-suit, (ii) inventor notebooks and other design documents related to the conception and reduction to practice of the claimed inventions; (iii) drawings and schematics related to the conception and reduction to practice of the claimed inventions; and (iv) sales invoices, contracts, purchase orders, marketing materials, and/or development agreements related to the claimed inventions, among other relevant documents. Nevertheless, Best Medical has failed to produce any of these documents, or to provide any explanation as to why it did not produce these documents even after the Court's Order requiring Best Medical to produce such documents by July 7, 2011.

Best Medical's failure to produce these critical documents violates the Local Patent Rules, this Court's Case Management/Scheduling Order (Doc. No. 55), and this Court's June 30, 2011 Order (Doc. No. 69). In addition, Best Medical's failure to provide sufficient Initial Disclosures delays this case, prejudices Accuray, and forces both Accuray and this Court to expend needless time and resources on this case. Best Medical should be compelled to cure these deficiencies immediately and should be held in contempt for its continuing failure to do so.

**IV.     Best Medical Has Prejudiced Accuray and Impacted its Ability to Serve Non-Infringement and Invalidity Contentions By the Court-Ordered Deadline**

Best Medical's failure to provide meaningful Initial Disclosures (and Infringement Contentions) [4] in a timely fashion has significantly prejudiced Accuray. Accuray is ready to litigate this case and has been preparing to serve its Non-Infringement and Invalidity Contentions

---

[4] Best Medical's failure to provide meaningful Infringement Contentions is currently the subject of a dispute between the parties. Best Medical initially indicated that it would not provide Infringement Contentions until it has completed review of Accuray's Initial Disclosures, and has indicated its intent to file a motion for a sixty (60) day extension of time for all dates on the Court's Scheduling Order. Exh. 9. After Accuray indicated that it would oppose such an extension, Best Medical served Amended Infringement Contentions, which also fail to meet the requirements of LPR 3.2.

by July 27, 2011. Particularly after the Court ordered Best Medical to fully comply with LPR 3.1 by July 7, 2011, Accuray believed it could comply with this Court's Scheduling Order. With this continuing delay by Best Medical, however, Accuray is hampered in providing complete Invalidity Contentions until it receives Best Medical's Initial Disclosures. For example, inventor notebooks, invention disclosures and other design documents showing the alleged dates of conception and reduction to practice are relevant to an anticipation argument under 35 U.S.C. §§ 102(a), 102(e) and/or 102(g). Documents showing sales and/or offers for sale of the claimed invention are relevant to an anticipation argument under 35 U.S.C. § 102(b) based upon "prior use" or "prior offer for sale or prior sale" of the claimed invention. Without the benefit of such documents, Accuray's Invalidity Contentions will be incomplete.[5]

### V. Best Medical Has Repeatedly Violated this Court's Orders and Should Be Held in Contempt

Best Medical's failure to comply with the Court's June 30, 2011 Order is just the latest act in a continuing pattern of misconduct. The Court's Order was perfectly clear that Best Medical "shall strictly comply with all of its obligations under the Local Patent Rules throughout the remainder of this case." (Doc. No. 69 at p. 3). Without a stern warning from this Court, Accuray believes that Best Medical will continue to litigate this case on its own time, without regard to the Court's Orders and Rules.

Civil contempt is remedial in nature and is intended to coerce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance.

---

[5] Best Medical has agreed to a two week extension of the July 27, 2011 deadline for service of Accuray's Non-Infringement and Invalidity Contentions. Accuray will be filing a stipulated motion for such extension shortly. However, the solution to the problem of Best Medical's chronic delay is not to push back every date on the Scheduling Order. Indeed, Best Medical should not be rewarded for its delinquency by being permitted to further protract this litigation. Accuray is hopeful that Best Medical will cure the deficiencies in its Initial Disclosures and Infringement Contentions to avoid further motions and extensions of deadlines under the Scheduling Order.

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (citations omitted). The plaintiff must prove defendant's contempt by clear and convincing evidence. *Schauffler v. Local 1291*, 292 F.2d 182, 189 (3d Cir. 1961).

To prove contempt, Accuray must establish that there existed a valid order of the Court of which Best Medical had knowledge and which it disobeyed. See *Buschmeier v. G&G Investments, Inc.*, 2005 U.S. Dist. LEXIS 23009, at *15-16 (October 7, 2005) (citing *Lichtenstein v. Lichtenstein*, 425 F.2d 1111, 1113 (3d Cir. 1970) ("Civil contempt is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts.")  Because civil contempt is remedial in nature, Best Medical may be found guilty "even though the violation may have been inadvertent." *Id*.

A defendant may defend against a contempt motion by "clearly and categorically" showing its inability to comply with the Court's order. *Buschmeier*, 2005 U.S. Dist. LEXIS 23009, at *16 (internal citations omitted).  However, where the court determines that a party violated its obligations under a court order "by failures of diligence, effective control, and steadfast purpose to effectuate the prescribed goals, contempt findings are in order." Id. at *16 (quoting *Palmigiano v. Garrahy*, 448 F. Supp. 659, 670 (D.R.I. 1978) (internal citations omitted)).

Here, Best Medical violated the Court's June 30, 2011 Order, and has no excuse for its inability to comply.  In fact, Best Medical agreed that both research and development documents and sales documents should exist, and indicated that it had found additional documents, but still has not produced any.  This is not a game in which Best Medical is permitted to file a lawsuit against Accuray for harassment value, and then delay at every turn, ignoring the Court's Orders and Rules.  Best Medical, as Plaintiff, controlled the timing of this lawsuit and should have been

prepared to prosecute it. Instead, Best Medical has wasted countless hours of the Court's time and Accurays's time and resources by asserting frivolous claims and withholding the most basic discovery that a Plaintiff is required to produce under the Local Patent Rules. This misconduct should not be condoned.

Accuray also requests that as part of the contempt order, the Court issue a preclusion order regarding the priority date of the '283 patent. As a consequence of Best Medical's failure to produce any conception or reduction to practice documents, Best Medical should be precluded from asserting any priority date earlier than the filing date of the provisional application, October 24, 1996.

Finally, Accuray believes sanctions are also appropriate under the contempt order and Federal Rule of Civil Procedure 37(a)(5)(A) and 37(b)(2)(A) and (C). As discussed above, Plaintiff's continuing failure to comply with the Initial Disclosure requirements was not substantially justified and no circumstances exist making such award unjust. Accuray requests its fees and costs for filing both the original Motion to Compel and this Motion for Enforcement.

## VI. CONCLUSION

For the foregoing reasons, Defendant requests that the Court enter an order compelling Best Medical to produce proper Initial Patent Disclosures, including all of the documents required to be produced under Local Patent Rule 3.1, precluding Best Medical from asserting a priority date earlier than the date of the provisional application to the '283 patent, and awarding attorneys fees and costs to Accuray for both the Original Motion to Compel and this Motion for Enforcement.

Dated this 19th day of July, 2011.    By: /s/ Kirsten R. Rydstrom

Kirsten R. Rydstrom
PA ID No. 76549

REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
ALSTON & BIRD LLP
275 Middlefield Road
Suite 150
Menlo Park, CA 94025-4008
(650) 838-2000
(650) 838-2001 (fax)
Email: madison.jellins@alston.com

Janice A. Christensen
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016-1387
(212) 210-9400
(212) 210 9444 (fax)
Email: janice.christensen@alston.com

A*ttorneys for Defendant Accuray Incorporated*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system will send notification of such filing to all counsel of record.  Counsel may access such document using the Court's system.

      /s Kirsten R. Rydstrom
*Attorneys for Defendant Accuray Incorporated*

Dated: July 19, 2011

1