**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v** | )   **2:10-cv-1043** |
| | ) |
| **ACCURAY, INC.**, *a corporation*, | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court are two more motions to compel filed by Defendant Accuray, Inc. ("Accuray") to seek compliance by Plaintiff Best Medical International, Inc. ("BMI") with its disclosure obligations under the Local Patent Rules:  DEFENDANTS' MOTION TO ENFORCE THE COURT'S JUNE 30, 2011 ORDER COMPELLING THE PRODUCTION OF INITIAL PATENT DISCLOSURES PURSUANT TO LOCAL PATENT RULE 3.1 (Document No. 70) with exhibits and brief in support; and DEFENDANTS' MOTION TO COMPEL INFRINGEMENT CONTENTIONS PURSUANT TO LOCAL PATENT RULE 3.2 (Document No. 77), with exhibits and brief in support.   BMI has filed responses in opposition to each motion and a Declaration from attorney Brit Groom (Document Nos. 74, 76, 80), Accuray has filed a reply brief (Document No. 79), and BMI has filed a sur-reply brief (Document No. 83). Thus, the motions have been fully briefed and are ripe for disposition.

Factual and Procedural Background

This is a patent infringement case which BMI initiated on August 6, 2010 – over one year ago.[1]  BMI's 13-count Amended Complaint contended that Accuray had developed a new cancer treatment system, the CyberKnife VSI System, which allegedly infringes three of BMI's patents. By Memorandum Opinion dated March 9, 2011, the Court dismissed all but Counts 1 and 9 with prejudice and dismissed the former BMI employees named as Defendants by BMI. Subsequently, BMI moved to dismiss Count 1 with prejudice.  Thus, only Count 9 (alleging direct infringement of the '283 Patent) remains.[2]

By initiating a patent case in this Court, BMI has necessarily been on notice for over a year that the Local Rules of Practice for Patent Cases before the United States District Court for the Western District of Pennsylvania ("LPR") are applicable, including the disclosure requirements set forth in LPR 3.1 and 3.2.  In particular, LPR 3.1 requires the parties to exchange initial disclosures "not later than fourteen (14) days before the Initial Scheduling Conference." LPR 3.1 specifically details the information that must be produced or made available for inspection by a party claiming patent infringement such as BMI.  Similarly, LPR 3.2 requires BMI to serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" within thirty (30) days after the Initial Scheduling Conference.

In June 2011, after having obtaining an extension of time from the Court, BMI made a very limited (61 page)[3] Initial Disclosure to Accuray.  Accuray's counsel twice sent correspondence to BMI  to point out and attempt to remedy the alleged deficiencies in BMI's

---

[1] Several other lawsuits are pending between BMI, Accuray and several of BMI's former employees.
[2] Accuray suggests that BMI failed to perform a proper analysis prior to initiating this lawsuit.  The Court notes that BMI's current outside counsel did not represent BMI at that time.
[3] By way of comparison, Accuray produced over 15,000 pages.

Initial Disclosures, to no avail.  On June 15, 2011 Accuray filed its first motion to compel in this Court.

In the motion to compel, Accuray contended that BMI's Initial Disclosures omitted key documents, including the file history, invention disclosures, inventor notebooks, design and conception drawings and sales agreements.  In response, BMI acknowledged its disclosure obligations and explained that it was continuing to search for the requested documents.  In particular, BMI represented that it had ordered the PTO file for the '283 Patent on June 17, 2011 (after the LPR deadline had expired); that it sent the BMI file for the '283 Patent to Accuray on June 20, 2011 (after Accuray's first motion to compel had been filed); that it had been unable to locate the inventors' notebooks and other historical documents; and that it was aware of its continuing disclosure obligations.  BMI did not dispute the substance of the motion to compel or the propriety of Accuray's position.  Nor did BMI indicate when such information would be provided (other than that the PTO file would be available within 25 days of the request.)  At no time did BMI notify the Court of any difficulties in securing documents, nor did it seek leave of court for an additional extension of time for good cause shown.  In its reply brief, Accuray correctly pointed out that BMI's response confirmed that BMI had failed to comply with LPR 3.1.  For example, BMI did not order the PTO file and did not produce its internal patent file until after the deadline established by the Local Patent Rules had expired and Accuray's motion to compel had been filed.

On June 30, 2011, the Court entered an Order (the "June 30 Order") which granted Accuray's motion to compel and commented that BMI's belated and apparently lackadaisical approach to its disclosure obligations under the Local Patent Rules was unacceptable.  The Court ordered BMI to "fully comply with its initial disclosure obligations on or before July 7, 2011"

and to "strictly comply with all of its obligations under the Local Patent Rules throughout the remainder of this case."  Unfortunately, problems have persisted.


Motion to Enforce the June 30 Order

On July 6, 2011, apparently in response to the June 30 Order, BMI produced two CDs containing "CORVUS Manuals" and various iterations of source code for the CORVUS system (a precursor system).  BMI did not specify which documents corresponded to each category of information as required by LPR 3.1, nor did BMI certify that this production fulfilled its obligation to make Initial Disclosures.  On July 12, 2011, Accuray's counsel wrote a letter which identified numerous shortcomings of the July 6 production and requested a supplemental response or a certification that no other responsive documents exist.  On July 14, 2011, BMI attorney Groom agreed that additional documents should exist regarding "earlier Peacock research and development" (another precursor system) and documents evidencing sales or offers to sell the claimed invention prior to the date of the patent application (i.e., October 24, 1996).  Groom also disclosed that "earlier this week" a number of file cabinets had been discovered which contained documents dating back to the inception of NOMOS.[4]  Groom promised that examination of these documents would be completed by July 15, 2011, at which time he would be able to "state unequivocally" whether responsive documents existed.  Groom further represented that relevant documents would be scanned over the weekend and sent to Accuray electronically beginning on Monday afternoon, July 18, 2011.  BMI did not explain why these documents had not been found previously, did not inform the Court of these developments or seek an extension of time.

---

[4] BMI acquired NOMOS in 2007.

By the close of business on July 18, 2011, BMI had neither stated unequivocally whether responsive documents existed; produced any of these documents; nor otherwise contacted Accuray.  On July 19, 2011, after attempting to contact BMI, Accuray filed the pending motion to enforce the Court's June 30 Order.  BMI, in its response, accuses Accuray of pronouncing July 18 as a "magical due date."  However, it was <u>BMI</u> who promised to make its production by that date.  The *actual* due date(s) for BMI's production[5] had long since expired.

On July 21, 2011 -- after Accuray's second motion to compel was filed -- BMI made a supplemental disclosure.  BMI represents that all information requested by Accuray has now been provided.   Accuray contends that this representation is "categorically untrue" and continues to believe that BMI has failed to comply with its disclosure obligations, as it has still not produced "contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements and third party or joint development agreements" evidencing sales or offers to sell the claimed invention prior to the patent filing date.  BMI attorney Groom agreed that such documents should exist.  Nor has the PTO file been provided – although that may be beyond BMI's control.  Accuray contends that BMI should be precluded from using information and/or documents subject to disclosure under LPR 3.1 but not yet produced by BMI and that BMI be held in contempt of court.

Motion to Compel Infringement Contentions

Another dispute involving BMI's duty to make Infringement Contentions pursuant to LPR 3.2 has also been brewing.  BMI served its initial Infringement Contentions on June 13,

---

[5] The Case Management Order required Initial Disclosures to be filed by May 26, 2011.  Upon BMI's motion, this date was extended until June 1, 2011.  The Court's June 30 Order required complete compliance by July 7, 2011.

2011, the date set forth in the Case Management Order.  Accuray promptly notified BMI that, in its view, the Infringement Contentions were deficient in numerous respects and requested supplementation.  On July 7, 2011, counsel for BMI acknowledged that Accuray "may be at a disadvantage in providing its Disclosure of Non-Infringement and/or Invalidity Contentions without more specificity from BMI as to where the alleged infringement lies," and offered to extend all of the case management deadlines by at least sixty (60) days.  Accuray opposes this delay.  On July 14, 2011, BMI served an amended infringement chart.  On July 18, 2011, Accuray notified BMI that the amendment failed to cure the alleged deficiencies it had identified in the original chart – for example, by failing to identify the accused device by specific parts or model numbers; by failing to identify where each element of the claims is found in the accused device; by failing to disclose whether or not it is asserting infringement under the doctrine of equivalents; and as to the "means plus function" elements governed by 35 U.S.C. § 112(6), by failing to describe the claimed function or to identify the structure, act or material in the accused instrumentality that performs the claimed function.  Accuray further criticized BMI for simply parroting the language of its claims and for basing the amendments primarily on a publicly available article (the "Kilby Article"), that had been available prior to the filing of the Amended Complaint in this case in December 2010, rather than on the extensive Initial Disclosures provided by Accuray.

On July 19, 2011, BMI counsel responded that it had satisfied its disclosure obligations under LPR 3.2.  Essentially, BMI argues that LPR 3.2 requires only that the party claiming infringement disclose matters of which "it is aware" and be as specific "as possible."  BMI states

that it has not yet had an opportunity to review Accuray's Initial Disclosures in detail.[6]  BMI

represents that it will supplement its disclosures, if necessary, as the case proceeds.  Accuray

then filed the pending motion to compel more-specific Infringement Contentions.


Discussion

    The Local Patent Rules are designed to create a streamlined process that hastens

resolution on the merits by providing structure to discovery which enables the parties to move

efficiently toward claim construction and the eventual resolution of their dispute.  *Shared

Memory Graphics LLC v. Apple, Inc.*, 2010 WL 5477477 *2 (N.D. Cal. 2010) (citations

omitted).  The LPR require a party claiming infringement to "crystallize its theories of the case

early in the litigation and to adhere to those theories once disclosed."  *Id*.[7]  Further, a plaintiff

must "include in its infringement contentions all facts known to it, including those discovered in

its pre-filing inquiry."  *Id*.  The text of LPR 3.1 requires initial disclosure of "all documents"

responsive to the categories set forth in the Rule.  The text of LPR 3.2 requires the plaintiff's

infringement contentions to be "as specific as possible."

    In granting Accuray's first motion to compel, the Court's June 30 Order chastised BMI

for its approach to its disclosure obligations and put BMI on notice that it must "strictly comply"

with the Local Patent Rules in the future. Unfortunately, BMI has not complied with the letter or

spirit of Local Patent Rules 3.1 and 3.2, or with the Court's June 30 Order.

    As to its Initial Disclosures, many of the documents that BMI did produce came <u>after</u>

Accuray filed the motions to compel.  BMI cites "newly discovered documents" but has not

---

[6] BMI has had these Initial Disclosures in its possession since June 1, 2011 – over two months ago -- and did not
seek an extension of time based on the volume of information provided by Accuray.
[7] LPR 3.7 permits amendments to the Infringement Contentions if they are "timely," "asserted in good faith," and
done "without purpose of delay."  BMI has not sought leave to amend its contentions pursuant to this rule.

demonstrated that it conducted a diligent search prior to the applicable deadlines, even though it filed this lawsuit over a year ago.  In addition, BMI failed to comply with its own representations to opposing counsel as to when the newly discovered documents would be delivered, nor has BMI offered any explanation for its conduct.  Moreover, it is apparently uncontested that several categories of documents within the scope of LPR 3.1 should exist, but have not yet been disclosed.  In sum, Accuray's Motion to Enforce the June 30 Order will be **GRANTED** and it will be entitled to recover its reasonable counsel fees and costs.  Further, because BMI has failed to comply with its Initial Disclosure obligations, it may be precluded from using as evidence any documents that are within the scope of its disclosure obligations pursuant to LPR 3.1, but which had not been produced by August 1, 2011.

As to the Infringement Contentions, the Court agrees with BMI that LPR 3.2 requires identification to be as "specific as possible" based on information of which the plaintiff is "aware."  However, BMI is not entitled to engage in willful ignorance of the contents of Accuray's Initial Disclosures in order to evade its duty of specificity under LPR 3.2.  The Amended Infringement Contention Chart submitted by BMI on July 14, 2011 cites to the Kilby Article, which was published in October 2010, rather than Accuray's own information.  BMI has had Accuray's Initial Disclosures since June 1, 2011, has never sought an extension of time due to the volume of that information, and has not provided a convincing explanation for its inability to review and incorporate that information within the deadlines set forth in the Case Management Order.

Moreover, the Court agrees with Accuray that the amended contentions still lack the requisite level of specificity.  A plaintiff must set forth its theories of infringement "with sufficient specificity to provide defendants with notice of infringement beyond that which is

8

provided by the mere language of the patents themselves." *DataTreasury Corp. v. Wells Fargo & Co*., 2010 WL 3912486 *3 (E.D. Tex. 2010).  Indeed, "reverse engineering may well be the only method by which plaintiff will be able to state his infringement contentions with sufficient specificity, including identifying the location of each infringing element and grouping similar accused products." *Bender v. Maxim Integrated Products, Inc*., 2010 WL 2991257 *5 (N.D. Cal. 2010) (requiring reverse engineering to better articulate claims, even though it posed financial hardship).  BMI must identify the specific components of the CyberKnife MultiPlan Treatment Planning System which meet each of the elements of the asserted claims; must better identify the "means plus function" elements; and must specifically state whether it is asserting the doctrine of equivalents.   The Court agrees with the shortcomings in BMI's Amended Infringement Contentions set forth in the letter of July 18, 2011 from Accuray's counsel.   Further, as BMI's Amended Infringement Contentions regarding Claims 25 and 36 are identical, BMI must articulate whether/how its theories differ under those Claims.  In sum, Accuray's Motion to Compel Infringement Contentions will be **GRANTED** and it will be entitled to recover its reasonable counsel fees and costs.

BMI's failure to make complete Initial Disclosures and specific Infringement Contentions has prevented this case from proceeding in the efficient manner contemplated by the Local Patent Rules.  In particular, Accuray is not able to properly prepare its Non-Infringement/Invalidity Contentions until BMI fulfills its predicate duties.  Accordingly, Accuray's response date will be stayed indefinitely, pending the receipt of sufficient Infringement Contentions from BMI and the development of new case management deadlines.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v** ) | **2:10-cv-1043** |
| ) | |
| **ACCURAY, INC.,** *a corporation*, ) | |
| **Defendant.** ) | |

## <u>ORDER OF COURT</u>

AND NOW, this 19th day of August, 2011, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that

DEFENDANTS' MOTION TO ENFORCE THE COURT'S JUNE 30, 2011 ORDER

COMPELLING THE PRODUCTION OF INITIAL PATENT DISCLOSURES PURSUANT TO

LOCAL PATENT RULE 3.1 (Document No. 70) is **GRANTED**; and DEFENDANTS'

MOTION TO COMPEL INFRINGEMENT CONTENTIONS PURSUANT TO LOCAL

PATENT RULE 3.2 (Document No. 77), is **GRANTED.**  It is further Ordered:

1. On or before August 29, 2011, BMI shall file a description, with particularity, of the

   search it conducted to comply with LPR 3.1, including but not limited to, the date(s) such

   activities occurred; what other documents may exist, where they may be located and what

   steps have been taken to locate them; and specifically confirm whether or not contracts,

   purchase orders, invoices, advertisements, marketing materials, offer letters, beta site

   testing agreements and third party or joint development agreements evidencing sales or

   offers to sell the claimed invention prior to the patent filing date exist.  All such

   documents shall be provided to Accuray forthwith;

2. BMI shall immediately exert its best efforts to expedite delivery of the PTO file to Accuray;

3. On or before August 29, 2011, BMI shall supplement its Infringement Contentions to reflect all of the information contained in Accuray's Initial Disclosures.  If there are further disputes as to the adequacy of BMI's Infringement Contentions, the Court may, at its discretion, seek the input of the Special Master as to whether the Infringement Contentions comply with LPR 3.2 and assess costs incurred by the Special Master to the non-prevailing party;

4. BMI may be precluded from using as evidence any documents within its possession that are within the scope of BMI's duty to provide Initial Disclosures pursuant to LPR 3.1, but which had not been produced by BMI as of August 1, 2011;

5. On or before September 2, 2011, Accuray shall submit a petition setting forth the reasonable counsel fees and costs it has incurred in connection with each of the motions to compel;

6. On or before September 16, 2011, BMI shall shall set forth any challenges it may have to the reasonableness of the fees and costs claimed by Accuray;

7. All deadlines in the Case Management Order and/or Local Patent Rules which are applicable to Accuray are hereby **STAYED** indefinitely, pending further Order of Court. The parties are directed to meet and confer and jointly submit a proposed amended Case Management Order on or before August 31, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    **Brit D. Groom, Esquire**
       Email: bgroom@teambest.com
       **Eric P. Reif, Esquire**
       Email: epr@pietragallo.com
       **Anthony J. Bosinsky, Esquire**
       Email: ajb@pbandg.com

       **Kirsten R. Rydstrom, Esquire**
       Email: krydstrom@reedsmith.com
       **Janice A. Christensen, Esquire**
       Email: janice.christensen@alston.com
       **Jennifer Liu, Esquire**
       Email: celine.liu@alston.com
       **Madison C. Jellins, Esquire**
       Email: madison.jellins@alston.com