IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 2:10-cv-1043 |
| | ) |
| ACCURAY, INC., *a corporation*, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT ACCURAY INCORPORATED'S MOTION/PETITION FOR ATTORNEYS' FEES AND EXPENSES (Document No. 92), with Declarations from counsel Madison Jellins and Kirsten Rydstrom (Document No. 94). Plaintiff Best Medical International, Inc. ("BMI") filed a memorandum and brief in opposition (Document No. 93, 95); Accuray filed a reply brief (Document No. 98) with sealed supplemental Declarations from Jellins and Rydstrom (Document Nos. 101, 102); and BMI filed a sur-reply brief (Document No. 107). Thus, the petition has been fully briefed and is ripe for disposition.

Factual and Procedural Background

This is a patent infringement case in which Plaintiff BMI has repeatedly failed to comply with the Local Patent Rules. To briefly recap, on June 15, 2011 Accuray was forced to file a motion to compel complete Initial Disclosures by BMI pursuant to LPR 3.1. On June 30, 2011, the Court entered an Order (the "June 30 Order") which granted Accuray's motion to compel and criticized BMI's belated and apparently lackadaisical approach to its disclosure obligations under the Local Patent Rules. Despite that chastisement, Accuray was required to file a second motion

1

to enforce the June 30 Order and a third motion to compel adequate Infringement Contentions pursuant to LPR 3.2. Accuray also filed a fourth motion to obtain an extension of time to file its responsive Non-Infringement Contentions. On August 19, 2011, the Court issued a Memorandum Opinion and Order which concluded that "BMI has not complied with the letter or spirit of Local Patent Rules 3.1 and 3.2, or with the Court's June 30 Order." Accordingly, the Court granted Accuray's motions and authorized Accuray to "submit a petition setting forth the ***reasonable*** counsel fees and costs it has incurred in connection with ***each*** of the motions to compel." (Emphasis added).

Accuray seeks counsel fees incurred by attorneys in three separate locations. Madison Jellins is located in California, Janice Christensen is located in New York City and Kirstin Rydstrom is located in Pittsburgh. Accuray avers that its attorneys are specialized and experienced in patent litigation (Jellins[1] -- 21years; Christenson[2] -- 8 years; and Rydstrom[3] -- 15 years). Accuray also seeks to recover for time billed by Reed Smith senior paralegal Lisa Santucci. Jellins declares that her hourly rate for this case while she was employed by Alston & Bird was $625 per hour, and her current rate at Helix is $550 per hour and that Christensen's hourly rate on this case is $525 per hour. Rydstrom declares that her hourly rate is $565 per hour and that Santucci's paralegal rate is $295 per hour.

The petition and original Declarations conclusorily represented that all hours and expenses were reasonably necessary. However, Accuray did not provide an itemized listing of the tasks performed by any of the timekeepers.

---

[1] Jellins has represented Accuray throughout this litigation, formerly as a partner at the firm Alston & Bird LLP and now at Helix IP LLP.
[2] Christensen is a senior associate attorney at Alston & Bird LLP.
[3] Rydstrom is a partner at Reed Smith LLP.

In its response, BMI contended that Accuray failed to establish a prima facie case to recover attorneys fees and costs: (1) by failing to establish the prevailing market rate in the relevant Pittsburgh legal market; and (2) by failing to provide detailed information regarding the tasks performed. BMI suggests that Jellins' and Rydstrom's hourly rate be reduced to $365 per hour; Christensen's rate be reduced to $200 per hour; and Santucci's rate be reduced to $100 per hour. In addition, BMI suggests that all of the hours claimed be reduced by thirty-five percent (35%). BMI also opposed Accuray's effort to recover costs related to the motion to compel Initial Disclosures, the motion for extension of time, and the time spent to prepare the fee petition.

Accuray then filed supplemental Declarations from Jellins and Rydstrom. In her supplemental Declaration, Jellins provided a cursory overview of the tasks performed by her and Christensen. As an illustration, Jellins averred that in connection with the motion to compel Initial Disclosures, she "spent approximately 5 hours drafting meet and confer letters, 10.6 hours working on the Opening brief, and 13.1 hours working on the Reply brief." The other tasks performed by Jellins and Christensen were described with a comparable level of generality. Rydstrom's supplemental Declaration provided additional information about the hourly billing rates of Reed Smith intellectual property attorneys, but did not address BMI's objections about the lack of specificity regarding the tasks performed. Accuray has not produced detailed, day-by-day, task-specific time sheets to support the hours claimed by counsel. In sum, Accuray contends that BMI "is in no position to judge whether the number of hours spent by Accuray was excessive" and argues that the hours spent were attributable to BMI's lackadaisical approach to this case.

In its reply brief, Accuray also contends that it had sufficiently established the reasonableness of its claimed hourly rates. Nevertheless, in further support of its position, Accuray submitted a recent affidavit regarding prevailing Pittsburgh patent litigation rates. The affidavit had been prepared by attorney Kent Baldauf in connection with another patent case pending before this member of the Court, *Air Vent, Inc. v. Vent Right Corp.*, Civil Action No. 08-146. In the affidavit, attorney Baldauf noted that Pittsburgh patent litigation counsel rates range from $300-600 per hour and he opined that the patent attorneys' "requests for $350 per hour for work performed in [the *Air Vent*] case falls within the prevailing fee scale and is very reasonable."

In its surreply brief, BMI continues to argue that: (1) fees should be limited to the motion to enforce the June 30 Order and the motion to compel Infringement Contentions; (2) that the hours claimed are excessive; (3) that Accuray's descriptions of the work performed lack specificity; and (4) that the hourly rates should be reduced. The Court will address these issues seriatim.

The tasks and hours for which Accuray seeks to recover counsel fees are set forth below:

Accuray seeks to recover $107,102.50 in fees based on the Jellins Declarations[4] as follows:

    A. Motion to Compel Initial Disclosures
        a. Jellins                     28.7 hours
        b. Christensen           24.0 hours

    B. Motion to Enforce June 30 Order
        a. Jellins                     19.3 hours
        b. Christensen           21.0 hours

    C. Motion to Compel Infringement Contentions
        a. Jellins                     38.7 hours
        b. Christensen           33.6 hours

    D. Motion for Extension of Time
        a. Christensen           1.0 hours

    E. Fee Petition and Reply
        a. Jellins (at Helix rate)   14.5 hours
        b. Christensen             6.0 hours

Accuray seeks to recover fees of $11,995 based on the Rydstrom Declarations as follows:

    A. Motion to Compel Initial Disclosures
        a. Rydstrom              3.9 hours

    B. Motion to Enforce June 30 Order
        a. Rydstrom              3.4 hours
        b. Santucci               3.2 hours

    C. Motion to Compel Infringement Contentions
        a. Rydstrom              6.8 hours
        b. Santucci               3.2 hours

    D. Motion for Extension of Time
        a. Rydstrom              0.8 hours
        b. Santucci               0.8 hours

    E. Fee Petition
        a. Rydstrom              2.5 hours

---

[4] As BMI points out and Accuray concedes, the original calculation contained a mathematical/transpositional error which was corrected in Jellins' second Declaration. In particular, Jellins spent 38.7 hours and Christensen spent 33.6 hours on the motion to compel Infringement Contentions. The supplemental Declaration also reflects the addition of time spent by Jellins and Christensen on the Fee Petition and reply thereto.

Accuray also seeks to recover costs for duplicating and Westlaw research of $63.18, which have not been contested by BMI. In total, Accuray claims fees of $119,097.50 plus costs of $63.18.

Legal Analysis

In a recent opinion in *NFL Properties LLC v. Wohlfarth*, 2011 WL 1402770 (W.D. Pa. 2011) (which also involved recovery of fees incurred by both Pittsburgh and out-of-town counsel), this member of the Court thoroughly articulated the standards which govern fee petitions in this circuit. Briefly summarized, the burden to establish reasonableness is on the party seeking an award of fees. The Court must first calculate a lodestar rate by multiplying a reasonable hourly rate in the relevant (Pittsburgh) legal community by the reasonable number of hours expended. Once the lodestar amount has been calculated, a court has discretion to adjust the fee upward or downward, based on a variety of factors. District courts are instructed to conduct a "thorough and searching analysis" of the fee application. A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive, redundant or unnecessary. As the hourly rate demanded goes up, there should be a corresponding decrease in the amount of time required to accomplish necessary tasks, due to counsel's experience and expertise. Time that would not be billed to a client cannot be imposed on an adversary. *See generally NFL Properties*, 2011 WL 1402770 at * 2-5.

1. Applicable Motions For Which Recovery May Be Sought

As an initial matter, BMI contends that Accuray may only recover fees related to the motion to enforce the June 30 Order and the motion to compel Infringement Contentions. The

Court disagrees. It was BMI's repeated failure to fully comply with its obligations under the Local Patent Rules which caused Accuray to incur all of the counsel fees and costs at issue. The Court's August 19, 2011 Memorandum Opinion expressly provided that Accuray was entitled to recover fees in connection with "each" of the three motions to compel, including the original motion to compel Initial Disclosures. Fees incurred to prepare the motion for extension of time are also recoverable because that motion was necessitated by BMI's misconduct. Finally, a party is generally entitled to recover the fees incurred to prepare the fee petition. *See Planned Parenthood of Cent. N.J. v. Attorney Gen. of State of N.J.,* 297 F.3d 253, 268 (3d Cir. 2002). It is entirely fair to impose the reasonable fees and costs for all of these activities upon BMI.

    2. Hourly Rate

The Court must base its decision as to the prevailing rate in the Pittsburgh community on the record, rather than a generalized sense of what is customary or proper. To satisfy its prima facie case requirement, the party seeking fees must demonstrate that its requested rates are the prevailing rates in the relevant community. *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir.1997). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence— *in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 225 n. 2 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S. Ct. 1541, 79 L. Ed.2d 891 (1984)) (emphasis added in *Smith*). If a party fails to meet its burden to demonstrate that the requested rates were the prevailing rates in the community, "the district court must exercise its discretion in fixing a reasonable hourly rate." *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d

1031, 1036 (3d Cir. 1996).  In *Blum v. Witco*, 829 F.2d 367, 377 (3d Cir. 1987), the Court held that a hearing is only necessary if there are disputed questions of fact.  *See generally NFL Properties*, 2011 WL 1402770 at * 2-5.

As noted above, Accuray seeks counsel fees incurred by attorneys in three separate locations.  Accuray is certainly entitled to select counsel of its own choosing.  *Id.*  However, it is equally true that Accuray has failed to submit evidence -- other than its own attorneys' affidavits -- to prove that the rates claimed are reasonable in the Pittsburgh legal community.  *See NFL Properties (citing Smith, Blum)* (reasonableness showing must rest on more than attorneys' own statements).  The belated submission of an affidavit prepared in the *Air Vent* case does not address the question of whether the rates claimed by Jellins, Christensen and Rydstrom are reasonable in this case.  Moreover, attorney Baldauf's actual opinion in the *Air Vent* case was that an hourly rate of $350 per hour for experienced patent litigators in the Pittsburgh market is reasonable.[5]  This opinion supports the positions of both parties.

Because Accuray has failed to meet its burden of proof, the Court must determine a reasonable rate.  The Court will assign an hourly rate of $400 per hour for Jellins and Rydstrom; a rate of $250 per hour for Christensen; and a rate of $150 per hour for Santucci.  These rates are comparable to the rates used in *NFL Properties* for an associate attorney and paralegal with similar years of experience and well within the market range identified by attorney Baldauf.

---

[5] One of the attorneys whose rates were at issue in the *Air Vent* case was the head of the patent and intellectual property litigation practice of his firm and had ten years of patent litigation experience and the other attorney had forty years of patent litigation experience.

3. Reasonable Hours Expended

BMI can be held liable only for Accuray's "reasonable" counsel fees and costs. The Court must exclude time that was excessive, redundant or unnecessary. At first blush, the number of hours expended in connection with these motions to compel appears to be excessive, particularly in light of counsel's experience and claimed hourly rates. As the hourly rate demanded goes up, there should be a corresponding decrease in the amount of time required to accomplish necessary tasks.

Accuray has failed to provide sufficient detail as to the work performed (despite two opportunities to do so and notice of BMI's specific challenge to the inadequacy of the original Declarations). Accuray's argument that BMI "is in no position to judge whether the number of hours spent by Accuray was excessive" entirely misses the point. It is the **Court** who must conduct a "thorough and searching analysis" of the fee application, as required by circuit precedent, to determine whether the number of hours claimed is reasonable. Accuray has not provided sufficient information to enable the Court to perform this analysis. Thus, the Court must exercise its discretion to determine a reasonable number of hours.

In particular, it would not be reasonable to award fees connected to the underlying review of Initial Disclosures and Infringement Contentions because that activity would have been necessary even if BMI had fully complied with its obligations. *See Merck Eprova AG v. Gnosis S.P.A.*, 2011 WL 1142929 * 12 (S.D.N.Y. 2011) (passing cost of underlying document review to opposing party would result in unjustified windfall). It further appears, from the similar amount of hours claimed by each attorney, that Jellins and Christensen may have engaged in a duplicative and/or inefficient distribution of the work. It appears that Jellins may have actively participated in the actual research, preparation and drafting rather than performing a more

traditional review and approval role. The participation of three experienced attorneys in different locations likely also contributed to inefficiencies which are not fairly passed on to BMI. As noted above, the record evidence presented by Accuray is insufficient to overcome these concerns. The Court concludes that an across-the-board reduction of thirty percent (30%) for all hours claimed is reasonable.

Finally, the fee petition and supporting filings in this case do not comply with the standards required by circuit precedent and have not assisted this Court's determination. As explained above, Accuray has failed to meet its prima facie case on either prong of the lodestar calculation. These shortcomings are particularly inexplicable because BMI's response contained lengthy quotes of the applicable standard as set forth in *NFL Properties*. Indeed, Accuray cited *NFL Properties* in its reply brief, but nevertheless submitted supplemental Declarations which again failed to meet that standard. Accordingly, all fees incurred by Accuray in connection with the fee petition are not recoverable.

    4.   Summary/Revised Calculation

In accordance with the foregoing, the Court has exercised its discretion to determine the appropriate hourly rates for each timekeeper, as follows: Jellins - $400/hour; Christensen - $250/hour; Rydstrom - $400/hour; and Santucci - $150/hour. The Court has reduced the number of hours worked across-the-board by thirty percent (30%). In other words, the Court will award seventy percent (70%) of the hours claimed by Accuray, except that Accuray may not recover fees in connection with the fee petition. The Court has prepared a revised lodestar calculation based on these numbers. Accuray is entitled to recover the following reasonable counsel fees and costs which it incurred as a result of BMI's failures to follow the Local Patent Rules:

A. Motion to Compel Initial Disclosures

    a. Jellins (.70 * 28.7 hours @ $400/hour)    $ 8,036

    b. Christensen (.70 * 24.0 hours @ $250/hour)    $ 4,200

    c. Rydstrom (.70 * 3.9 hours @ $400/hour)    $ 1,092

B. Motion to Enforce June 30 Order

    a. Jellins (.70 * 19.3 hours @ $400/hour)    $ 5,404

    b. Christensen (.70 * 21.0 hours @ $250/hour)    $ 3,675

    c. Rydstrom (.70 * 3.4 hours @ $400/hour)    $ 952

    d. Santucci (.70 * 3.2 hours @ $150/hour)    $ 336

C. Motion to Compel Infringement Contentions

    a. Jellins (.70 * 38.7 hours @ $400/hour)    $10,836

    b. Christensen (.70 * 33.6 hours @ $250/hour)    $ 5,880

    c. Rydstrom (.70 * 6.8 hours @ $400/hour)    $ 1,904

    d. Santucci (.70 * 3.2 hours @ $150/hour)    $ 336

D. Motion for Extension of Time

    a. Christenson (.70 * 1.0 hours @ $250/hour)    $ 175

    b. Rydstrom (.70 * 0.8 hours @ $400/hour)    $ 224

    c. Santucci (.70 * 0.8 hours @ $150/hour)    $ __84__

    Total Reasonable Counsel Fees  =  $43,134

The subtotal of recoverable Alston & Bird counsel fees (Jellins and Christensen) is $38,206. The subtotal of recoverable Reed Smith fees (Rydstrom and Santucci) is $4,928. In addition, Reed Smith incurred recoverable costs of $63.18. The Court finds that this revised

lodestar calculation is reasonable and that additional upward or downward adjustments are not necessary. The grand total which BMI shall pay to Accuray is $43,197.18.

    An appropriate Order follows.

                                        McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,** | ) |
| Plaintiff, | ) |
| | ) |
| v | )   2:10-cv-1043 |
| | ) |
| **ACCURAY, INC.**, *a corporation*, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 16th day of November, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that DEFENDANT ACCURAY INCORPORATED'S MOTION/PETITION FOR ATTORNEYS' FEES AND EXPENSES (Document No. 92) is **GRANTED IN PART AND DENIED IN PART**. Accuray is awarded its reasonable counsel fees and costs in the grand total amount of $43,197.18. BMI shall pay this amount to Accuray within thirty (30) days.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Brit D. Groom, Esquire**
Email: bgroom@teambest.com
**Eric P. Reif, Esquire**
Email: epr@pietragallo.com
**Anthony J. Basinsky, Esquire**
Email: ajb@pbandg.com

**Kirsten R. Rydstrom, Esquire**
Email: krydstrom@reedsmith.com
**Janice A. Christensen, Esquire**
Email: janice.christensen@alston.com
**Jennifer Liu, Esquire**
Email: celine.liu@alston.com
**Madison C. Jellins, Esquire**
Email: madison.jellins@alston.com