IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,**<br>Plaintiff, | )<br>)<br>) |
| v | ) 2:10-cv-1043<br>) |
| **ACCURAY, INC.**, *a corporation*,<br>**Defendant.** | )<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court in this contentious patent infringement case are two more discovery motions filed by Defendant Accuray, Inc. ("Accuray") to seek compliance by Plaintiff Best Medical International, Inc. ("BMI") with its disclosure obligations under the Local Patent Rules, to wit: DEFENDANT ACCURAY'S EXPEDITED MOTION TO ENFORCE THE COURT'S AUGUST 19, 2011 ORDER COMPELLING INFRINGEMENT CONTENTIONS IN COMPLIANCE WITH LPR 3.2 (Document No. 116); and DEFENDANT ACCURAY'S EXPEDITED MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS (Document No. 117). Accuray has filed, under seal, numerous exhibits and a brief in support of its motions. BMI has filed a response and two exhibits in opposition to the motions. Accuray has filed a reply brief. Thus, the motions have been fully briefed and are ripe for disposition.

Factual and Procedural Background

The tortuous factual and procedural history has been set forth in the Court's previous opinions and will not be reiterated in full herein. Briefly summarized, the only issue remaining

1

in this case is BMI's contention that Accuray's new cancer treatment system, the CyberKnife VSI System, directly infringes the '283 Patent. By initiating a patent case in this Court, BMI has necessarily been on notice that the Local Rules of Practice for Patent Cases before the United States District Court for the Western District of Pennsylvania ("LPR") are applicable. On several prior occasions, the Court has chastised BMI for its approach to its disclosure obligations and has put BMI on notice that it must "strictly comply" with the Local Patent Rules. On November 16, 2011 the Court awarded Accuray counsel fees and costs of $43,197.18 as a discovery sanction.

LPR 3.2 requires BMI to serve a "Disclosure of Asserted Claims and Infringement Contentions" within thirty (30) days after the Initial Scheduling Conference. BMI served its initial Infringement Contentions on June 13, 2011, the date set forth in the Case Management Order. Accuray promptly notified BMI that, in its view, the Infringement Contentions were deficient in numerous respects and requested supplementation. On July 14, 2011, BMI served an amended infringement chart. On July 18, 2011, Accuray notified BMI that the amendment failed to cure the alleged deficiencies and criticized BMI for basing the amendments on a publicly-available article (the "*Kilby* Article") rather than on the Initial Disclosures provided by Accuray. BMI explained that it had not yet had an opportunity to review Accuray's Initial Disclosures in detail and represented that it would supplement its disclosures, if necessary, as the case proceeds. Accuray then filed a motion to compel more-specific Infringement Contentions, which the Court granted.

In its August 19, 2011 Memorandum Opinion, the Court noted that "BMI is not entitled to engage in willful ignorance of the contents of Accuray's Initial Disclosures in order to evade

its duty of specificity under LPR 3.2." Moreover, the Court concluded that BMI's amended contentions lacked the requisite level of specificity. The Court stated:

> BMI must identify the specific components of the CyberKnife MultiPlan Treatment Planning System which meet each of the elements of the asserted claims; must better identify the "means plus function" elements; and must specifically state whether it is asserting the doctrine of equivalents. The Court agrees with the shortcomings in BMI's Amended Infringement Contentions set forth in the letter of July 18, 2011 from Accuray's counsel. Further, as BMI's Amended Infringement Contentions regarding Claims 25 and 36 are identical, BMI must articulate whether/how its theories differ under those Claims.

Since the Court's Order, the parties have engaged in a lengthy – and ultimately unsuccessful – effort to amicably resolve this dispute. BMI has made several additional modifications to its Infringement Contentions in an effort to satisfy Accuray's continued objections. Eventually, BMI dramatically revamped its Infringement Contentions by creation of a "Supplemental Claim Chart" on October 24, 2011. Accuray continues to contend that BMI has failed to provide reasonable notice of its infringement theories. Accordingly, Accuray asks the Court to: (1) hold BMI in contempt of court; (2) strike BMI's Infringement Contentions without leave to amend; and (3) award additional sanctions. In the alternative, Accuray asks the Court to preclude BMI from asserting the "doctrine of equivalents"; to strike BMI's "umbrella" theory of infringement; to strike BMI's contentions with respect to Claim 25 based on the "Simplex Optimization Algorithm," the "Iterative Optimization Algorithm," and the "Sequential Optimization Algorithm"; and to strike BMI's contentions with respect to the corresponding "means plus function" elements in Claim 29, without leave to amend. In its reply brief, Accuray summarizes the alleged errors as follows: (1) BMI has not stated whether the "Supplemental"

Claims Chart drafted on October 24, 2011 replaces -- or supplements – the earlier charts;[1] (2) BMI has not specified whether it is re-asserting a combination or "umbrella" theory with regard to the three optimization algorithms and uses the vague phrase "regardless of the beam weight algorithm selected"; (3) BMI has cited to documents which reference *Sequential* Optimization as support for Infringement Contentions that are based on *Simplex* Optimization; (4) BMI has seemingly introduced new infringement theories in its opposition brief; (5) BMI has improperly attempted to preserve its ability to expand/revise its infringement theories in the future; and (6) BMI has failed to identify a specific "apparatus" and "computer."[2]

      BMI contends that it has fully complied with the Local Patent Rules and this Court's prior Orders. BMI represents that it has modified its Infringement Contentions on numerous occasions in its effort to satisfy questions posed by Accuray and points out that its Supplemental Claims Chart is 73 pages long. BMI contends that it has listed every claim element and identified what features of the CyberKnife MultiPlan Treatment Planning System ("CyberKnife MTPS") "read on" each claim element, with supporting references to the *Kilby* Article and Accuray's own documents. In sum, BMI argues that Accuray merely disagrees with its claims and raises substantive disputes that must await claim construction.

Discussion

      The Local Patent Rules are designed to create a streamlined process that hastens resolution on the merits by providing structure to discovery which enables the parties to move

---

[1] The Court agrees with Accuray that all of BMI's Infringement Contentions must be contained in a single document. The Supplemental Claim Chart certainly appears to be a stand-alone document which sets forth all of BMI's Infringement Contentions. BMI's brief cites only to the Supplemental Claim Chart as its statement of Infringement Contentions. Accordingly it will be treated as such, and all prior versions will be rendered moot.
[2] The Court has also reviewed the 18-page letter of November 4, 2011 prepared by counsel for Accuray.

efficiently toward claim construction and the eventual resolution of their dispute. *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 WL 5477477 *2 (N.D. Cal. 2010) (citations omitted). To date, this case has not proceeded in the efficient manner envisioned by the Rules. The Court appreciates the common dynamic in which defendants seek to maximize the information they obtain, while plaintiffs seek to "hedge." Nevertheless, it is important that both sides act reasonably and cooperatively in discovery, and compromise as necessary "to secure the just, speedy and inexpensive determination" of this case. *See* Fed. R. Civ. P. 1. The Court has consulted with the Special Master with regard to the instant motions and is strongly inclined to refer any future discovery disputes to the Special Master.

Infringement Contentions are to be filed, according to the plain text of LPR 3.2, "not later than thirty (30) calendar days after the Initial Scheduling Conference." Although the Infringement Contentions are to be "as specific as possible," this is an early step of the discovery process. Infringement Contentions should not be used to completely preclude BMI from developing its legal position as it obtains additional information during discovery. Indeed, LPR 3.7 explicitly permits amendments to the Infringement Contentions if they are "timely," "asserted in good faith," and done "without purpose of delay."

A plaintiff must set forth its theories of infringement "with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves." *DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 3912486 *3 (E.D. Tex. 2010). The Court concludes that BMI has met this standard. Indeed, even counsel for Accuray has acknowledged that the Supplemental Claim Chart represents "an improvement" over BMI's earlier efforts. *See* Letter of November 8, 2011. BMI has clearly abandoned its duplicative contentions in Claim 36. BMI has explained its use of the "regardless"

phrase and has clearly stated that it is not asserting an "umbrella" theory of infringement based on a combination of the optimization algorithms. BMI has represented that it is not now relying on the doctrine of equivalents.[3] At pages 13-14 of the Supplemental Claim Chart, there is an explanation of BMI's contentions with regard to the Simplex Optimization Algorithm, supported by citations and quotations from Accuray's own documents. BMI has provided sufficient specificity regarding the "apparatus" and the various networked systems which comprise the "computer." The Court concludes that Accuray has sufficient information to prepare its Non-Infringement Contentions.

In sum, Accuray's motions to compel more-detailed Infringement Contentions will be **DENIED**. The Supplemental Claim Chart prepared October 24, 2011 shall be deemed to be BMI's sole operative Infringement Contentions and all previous versions shall be disregarded as moot. Accuray shall file its Non-Infringement Contentions on or before January 3, 2012. The parties shall meet and confer to submit new proposed case management deadlines on or before January 3, 2012. The parties shall email, or otherwise provide, a copy of all subsequent filings to the Special Master.

An appropriate Order follows.

McVerry, J.

---

[3] If BMI attempts to assert the doctrine of equivalents later in the case, or seeks to otherwise amend its contentions, the Court will address the issue at that time. Such issues are not ripe now. No later than fourteen (14) days after the Court's *Markman* rulings, BMI will be required to definitively state whether or not it will assert the doctrine of equivalents.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v ) | 2:10-cv-1043 |
| ) | |
| ACCURAY, INC., *a corporation*, ) | |
| Defendant. ) | |

## ORDER OF COURT

AND NOW, this 19th day of December, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that DEFENDANT ACCURAY'S EXPEDITED MOTION TO ENFORCE THE COURT'S AUGUST 19, 2011 ORDER COMPELLING INFRINGEMENT CONTENTIONS IN COMPLIANCE WITH LPR 3.2 (Document No. 116); and DEFENDANT ACCURAY'S EXPEDITED MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS (Document No. 117) are **DENIED.** It is further Ordered:

The Supplemental Claim Chart prepared October 24, 2011 shall be deemed to be BMI's sole operative Infringement Contentions and all previous versions shall be disregarded as moot.

Accuray shall file its Non-Infringement Contentions on or before January 3, 2012.

The parties are directed to meet and confer and jointly submit a proposed amended Case Management Order on or before January 3, 2012.

The parties shall email, or otherwise provide, a copy of all subsequent filings to the Special Master.

If there are further disputes, the Court may, at its discretion, seek the input of the Special Master and assess costs incurred by the Special Master to the non-prevailing party.

BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Judge

cc: **Brit D. Groom, Esquire**
Email: bgroom@teambest.com
**Eric P. Reif, Esquire**
Email: epr@pietragallo.com
**Anthony J. Bosinsky, Esquire**
Email: ajb@pbandg.com
**Eric Soller, Esquire**
Email: egs@pbandg.com

**Kirsten R. Rydstrom, Esquire**
Email: krydstrom@reedsmith.com
**Janice A. Christensen, Esquire**
Email: janice.christensen@alston.com
**Madison C. Jellins, Esquire**
Email: madison.jellins@alston.com

**Gale R. Peterson**
Email: grpeters@coxsmith.com