IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2:10-cv-1043-TFM** |
| v. | ) | |
| | ) | |
| **ACCURAY, INC.**, *a corporation*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND AMENDED CASE MANAGEMENT/SCHEDULING ORDER

**AND NOW**, this 4th day of January, 2012, **IT IS ORDERED** that this action is subject to the Local Patent Rules of this Court for pretrial proceedings and all provisions of the Rules will be strictly enforced.

**IT IS ALSO ORDERED** that counsel shall confer with their clients prior to all case management/scheduling, status, or pretrial conferences to obtain authority to participate in settlement negotiations which may be conducted or ordered by the Court.

**IT IS FURTHER ORDERED** that compliance with provisions of Local Rule 16.1 and the Local Patent Rules shall be completed as follows:

(1) Responses to any non-dispositive motion are due within seven (7) calendar days of the filing of said motion with the Clerk of Court.

(2) The party claiming non-infringement and/or invalidity must serve on all parties a Disclosure of Non-Infringement and/or Invalidity Contentions on or before **January 10, 2012;**

(3) Each party shall simultaneously exchange Proposed Claim Terms and Phrases for Construction on or before **January 24, 2012;**

(4) The parties shall meet and confer to identify claim terms and phrases that are in dispute, and claim terms and phrases that are not in dispute, and shall prepare and file a Joint Disputed Claim Terms Chart on or before **February 7, 2012.** Each party shall file with the Joint Disputed Claim Terms Chart an appendix containing a copy of each item of intrinsic evidence cited by the party in the Joint Disputed Claim Terms Chart;

(5)  The parties shall participate in Alternative Dispute Resolution mediation within thirty (30) days after the Special Master issues his Report & Recommendation on Claim Construction and on such other dates as the parties may agree[1];

(6)  Plaintiff shall file and serve an Opening Claim Construction Brief and an identification of extrinsic evidence on or before **March 8, 2012;**

(7)  Defendant shall file and serve a Response to the Opening Claim Construction Brief, an identification of extrinsic evidence and any objections to the extrinsic evidence on or before **March 29, 2012;**

(8)  Plaintiff may serve and file a Reply directly rebutting Defendant's Response, and any objections to the extrinsic evidence on or before **April 12, 2012;**

(9)  Defendant may file a Sur-reply directly rebutting the Plaintiff's Reply on or before **April 26, 2012;**

(10)  The Court and the Special Master will conduct a hearing on the issue(s) of Claim Construction [2] on **May 16 & 17, 2012** commencing at **9:00 a.m.** in Courtroom 6C, United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219**;**

(11)  Prior to the issuance of a Claim Construction Order, fact discovery shall be limited to the disclosures required under Local Patent Rules 3.1 through 3.5. The remainder of fact discovery shall commence after the Court issues a Claim Construction Order in this action;

(12)  Within fourteen (14) days after the Court enters its Order on Claim Construction, Best Medical shall definitively state whether or not it will be asserting infringement under the doctrine of equivalents;

(13)  The parties shall complete fact discovery within seven (7) months after the Court issues an Order on Claim Construction;

(14)  Each party shall make its initial expert witness disclosures, as required under Fed.R.Civ.P 26, no later than thirty (30) days after the close of fact discovery;

(15)  Rebuttal expert witness disclosures are to be made no later than thirty (30) days after the service of initial expert witness disclosures;

(16)  Depositions of expert witnesses, if any, shall be completed no later than forty-five (45) days after the service of rebuttal expert witness disclosures; and,

---

[1] The parties will file a Stipulation identifying the mediator selected by the parties.
[2] In the Special Master's Claim Construction Hearing Order of June 7, 2011 (Doc. No. 62), the Special Master set aside two days for the Claim Construction Hearing.  The parties have proposed dates on which they are available.

(17) The Court shall conduct a Post-Discovery Status Conference following the completion of fact discovery on a date to be scheduled by the Court in Courtroom 6C, United States Courthouse, Pittsburgh, Pennsylvania, and all trial counsel **must** attend. The parties shall be prepared at that time to schedule deadlines for the filing of summary judgment motions, pretrial statements, motions *in limine* and *Daubert* motions, as well as dates for the pretrial conference and trial.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc: **Gale R. Peterson, Esquire (Special Master)**
Email: grpeters@coxsmith.com
**Brit D. Groom, Esquire**
Email: bgroom@teambest.com
**Eric G. Soller, Esquire**
Email: egs@pietragallo.com
**Alan G. Towner, Esquire**
Email: agt@pietragallo.com
**Kirsten R. Rydstrom, Esquire**
Email: krydstrom@reedsmith.com
**Janice A. Christensen, Esquire**
Email: janice.christensen@alston.com
**Jennifer Liu, Esquire**
Email: celine.liu@alston.com
**Madison C. Jellins, Esquire**
Email: nmcjellins@helixip.com