IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) ) ) | |
| PLAINTIFF, | ) ) | 2:10-cv-1043-TFM |
| v. | ) ) | Filed Electronically |
| ACCURAY, INC., | ) ) | |
| DEFENDANT. | ) | |

## BEST MEDICAL INTERNATIONAL, INC.'S NOTICE OF INTENTION TO ASSERT THE DOCTRINE OF EQUIVALENTS

Pursuant to the Court's Memorandum Opinion and Order dated December 19, 2011 (Doc. No. 126), Plaintiff, Best Medical International, Inc. (hereinafter referred to as "Best Medical"), hereby files and serves the following Notice of Intention to Assert The Doctrine of Equivalents.

1. In its Memorandum Opinion and Order dated December 19, 2011, the Court held: "If BMI attempts to assert the doctrine of equivalents later in the case, or seeks to otherwise amend its contentions, the Court will address the issue at that time. Such issues are not ripe now. No later than fourteen (14) days after the Court's *Markman* rulings, BMI will be required to definitively state whether or not it will assert the doctrine of equivalents." See Doc. No. 126, p. 6, n. 3.

2. The Court's *Markman* rulings were set forth in the Memorandum Opinion and Order dated January 11, 2013. See Doc. No. 161.

3. Best Medical hereby definitively states that it will assert the doctrine of equivalents in addition to the literal infringement contentions set forth in Best Medical's Supplemental Claim Chart served October 24, 2011.

4. Best Medical will provide to Accuray a Revised Supplemental Claim Chart that specifically sets forth infringement contentions under the doctrine of equivalents.

5. To clarify, in light of the fact that the Court previously held that the infringement contentions must be contained in a single document, Best Medical will add its contentions under the doctrine of equivalents to the Supplemental Claim Chart served October 24, 2011. See Doc. No. 126, p. 4, n. 1.

6. Further, with respect to Claim 29 of the Patent-in-Suit, Best Medical reserves the right to assert statutory equivalents under 35 U.S.C. § 112(6), as part of its literal infringement contentions, as set forth in Special Master's Report and Recommendation on Claim Construction, Doc. No. 149, p. 165: "Under the terms of § 112(6), 'such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.'"

Respectfully submitted,

Dated: January 21, 2013          By:   /s/ Eric G. Soller

Eric G. Soller, Esq.
Alan G. Towner, Esq.
PIETRAGALLO GORDON ALFANO BOSICK &
RASPANTI, LLP
38th Floor, One Oxford Centre
Pittsburgh, PA  15219
egs@pietragallo.com
agt@pietragallo.com

*Counsel for Plaintiff, Best Medical International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Madison C. Jellins, Esq.
Janice A. Christensen, Esq.
Helix IP, LLP
228 Hamilton Avenue
Third Floor
Palo Alto, CA 94301
Email: mjellins@jciplaw.com
Email: jchristensen@jciplaw.com

Kirsten R. Rydstrom, Esq.
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Email: krydstrom@reedsmith.com


By: */s/ Eric G. Soller*

*Counsel for Plaintiff, Best Medical International, Inc.*