IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC.<br><br>       Plaintiff,<br><br>vs.<br><br>ACCURAY, INC., a corporation;<br><br>       Defendant. | Case No. 2:10-CV-1043 (TFM) |

**DEFENDANT ACCURAY INCORPORATED'S
MOTION TO MODIFY THE DEADLINE FOR COMPLETING
MEDIATION UNDER THE COURT'S SCHEDULING ORDER**

  Defendant Accuray Incorporated ("Accuray") respectfully submits this Motion for Leave to modify the deadline for completing Alternative Dispute Resolution Mediation under the Court's Scheduling Order to April 11, 2013, and to appoint former Chief Judge Donald Ziegler as the mediator, as agreed upon by the parties.

  1.  According to Court's September 21, 2012 Order (Doc. No. 153), Alternative Dispute Resolution Mediation was scheduled to be held on or before February 11, 2013, thirty days after the Court issued its Order on Claim Construction.[1]

  2.  On September 14, 2012, the parties agreed not to commence discovery or file summary judgment motions until after the completion of mediation. (Ex. 1)

  3.  On January 14, 2013, counsel for BMI wrote a letter to Accuray's counsel, proposing three mediator candidates, former Chief Judge Donald Ziegler, former Judge Robert Cindrich, and former Magistrate Judge Kenneth Benson.  (Ex. 2)

  4.  In that letter, counsel for BMI also proposed several dates for the mediation, including January 30-February 1, February 11, 12, 14 and 15.  (Ex. 2)  Several of these

---

[1] The Court issued its Order on Claim Construction on January 11, 2013 (Doc. No. 161).

proposed dates fell after the February 11, 2013 court-ordered deadline, indicating that BMI intended to request a modification of the deadline for mediation.

5. On January 23, 2013, Accuray's counsel responded to BMI by letter, and agreed to the selection of former Chief Judge Ziegler as the mediator. (Ex. 3)

6. Judge Ziegler is familiar with the parties and the background of this case, having recently served as a mediator in the trade secret case BMI filed against Accuray. (2:07-cv-01709) (lead case).

7. On January 23, 2013, BMI's counsel requested that Kirsten Rydstrom, local counsel for Accuray, contact Judge Ziegler to determine his availability to handle this mediation. Judge Ziegler advised that he would be available starting on March 21, 2013. (Ex. 4)

8. Accuray's counsel confirmed with its client that a representative with settlement authority would be available to travel from California to Pittsburgh to attend the mediation on March 25-27, 2013.

9. On January 24, 2013, BMI's counsel indicated by email that they would check with their client on available dates for mediation before Judge Ziegler. (Ex. 5)

10. On January 28, 2013, BMI's counsel sent an email to Accuray's counsel, stating: "BMI would like to keep the mediation as close as possible to the deadline set by the Court. Can we come up with a mediator that is available sooner than Judge Ziegler?" BMI's counsel did not indicate whether their client was available on or after March 21 for the mediation before Judge Ziegler. (Ex. 6)

11. On January 29, 2013, Accuray's counsel responded, stating that the parties had previously agreed to the selection of Judge Ziegler and proposed March 25 as the mediation

date, a date on which Judge Ziegler, a representative of Accuray with settlement authority and Accuray's counsel are available. (Ex. 7)

12. On the same day, BMI's counsel responded: "We do not agree to this. We can have a meet and confer when convenient." (Ex. 8)

13. On January 30, 2013, Accuray's counsel sent an email asking BMI to articulate its specific objections to scheduling the mediation on March 25. Accuray's counsel indicated that because the parties had agreed to Judge Ziegler, the only issue to resolve was the date of the mediation. Accuray's counsel confirmed their client's availability on March 25, and indicated that they had tentatively reserved the date on Judge Ziegler's calendar. (Ex. 9)

14. Counsel met and conferred by telephone on February 5, 2013. BMI agreed during the call that it would not prejudice BMI to schedule the mediation for March 25 before Judge Ziegler. BMI's counsel nonetheless insisted that the mediation had to occur before March 25, 2013, proposing March 4 before a different mediator not agreed to by the parties. (Ex. 10)

15. The only rationale BMI's counsel has provided for insisting on mediation before March 25, 2013, is that they do not wish to spend time, money or resources on discovery. However, that should not be a concern because the parties have agreed not to commence discovery or file motions for summary judgment until after the mediation is complete.

16. The parties have engaged in informal and formal settlement discussions periodically throughout the case, and have not made any progress in settlement. The date of the mediation will not affect whether settlement is reached.

17. Accuray believes Judge Ziegler is the best choice for mediator because he is familiar with the parties and the background of the disputes between the parties, resulting in efficiencies in the mediation process.

18. If BMI is not available on March 25, Accuray's representative and counsel are also available on April 2-5, to the extent that those dates are available on Judge Ziegler's calendar.

19. Therefore, Accuray seeks a minimal extension of time, until April 11, to complete mediation before Judge Ziegler. There is no prejudice to either party in granting this relief as the parties have agreed not to commence discovery or file summary judgment motions until after the mediation is complete. Further, in order to ensure an effective mediation, Accuray further requests that the Court require each party to identify in advance of the mediation (consistent with Section 2.7 of the Court's ADR Policies and Procedures) the individual(s) who will be attending the mediation (in addition to outside counsel) on behalf of said party.

20. The undersigned counsel for Accuray has conferred with counsel for BMI to determine whether they will oppose this motion. As of the filing of this motion, BMI has not yet advised Accuray whether or not it will oppose the relief requested. Given the impending deadline of Monday, February 11, 2013, Accuray believed it would be prudent to file the motion today to allow the Court time to consider it in advance of the deadline.

WHEREFORE, Accuray respectfully requests that the Court modify the deadline for completing mediation under the Court's Scheduling Order to April 11, 2013, and to appoint former Chief Judge Donald Ziegler as the mediator, as agreed upon by the parties. Accuray further requests that the Court order the parties to agree to and confirm a date for the mediation by February 15, 2013 and to order each party to identify its representative who will be attending the mediation on or before February 15, 2013.

Dated this 6th day of February, 2013.

Respectfully submitted,

By: /s/ Kirsten R. Rydstrom

Kirsten R. Rydstrom
PA ID No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
Jellins Christensen LLP
228 Hamilton Avenue
Palo Alto, California 94301
(650) 241-0192
mjellins@jciplaw.com

Janice A. Christensen
Jellins Christensen LLP
50 Main Street, Suite 100
White Plains, NY 10606
(347) 394-5349
jchristensen@jciplaw.com

*Attorneys for Defendant Accuray Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court. The electronic case filing system will send notification of such filing to all counsel of record. Counsel may access such document using the Court's system.

/s Kirsten R. Rydstrom
*Attorneys for Defendant Accuray Incorporated*

Datd: February 6, 2013