| | |
|---|---|
| **From:** | Madison Jellins |
| **Sent:** | Tuesday, February 05, 2013 7:19 PM |
| **To:** | DMH@Pietragallo.com |
| **Cc:** | Eric Soller (EGS@Pietragallo.com); AGT@Pietragallo.com; Rydstrom, Kirsten R.; Janice Christensen; Madison Jellins |
| **Subject:** | BMI v. Accuray: Mediation |

Doug,
We were surprised that Alan Towner was not available for the meet and confer today. He informed us yesterday that he would be handling the call today concerning scheduling the date of the formal mediation in Eric Soller's absence.

We were hoping to gain a better understanding of why BMI will not agree to March 25 as the date of the mediation before Judge Ziegler, but apparently you were not prepared to answer that question. As you know, the parties agreed to Judge Ziegler as the mediator, and had only to choose a date on which all the participants are available. As we previously stated, it will be much more efficient to hold the mediation before Judge Ziegler, as he is already familiar with the parties and the background of the dispute. We are available on March 25, and have tentatively reserved that date on Judge Ziegler's calendar. We are willing and ready to engage in formal mediation on that date.

You did not provide any reasonable basis for refusing to agree to the March 25 date. To the contrary, when asked whether there was any prejudice to your client in holding the mediation on March 25, you stated without hesitation that there was no prejudice to your client. Yet, despite the fact that there is no prejudice, you insisted that your client wants to move up the date of the mediation simply because it wants to do so. That response does not answer the question. You also told us that you had not even checked with your client to determine their availability for mediation on March 25, and further do not know which client representative will be attending. As we stated, we are willing to agree to commence discovery immediately and to allow the parties to file summary judgment motions in the interim.

You indicated that you are willing to hold the mediation on March 4, but not on March 25. We do not understand why three weeks makes such a difference especially since the parties have engaged in settlement discussions periodically throughout the case, and as recently as late August 2012, well after the claim construction hearing was held. If your client is serious about settling this case, as you intimate, there is nothing to prevent them from reaching out to our client informally in advance of the formal mediation date. In fact, we urge your client to give serious consideration to voluntarily dismissing this suit in view of the court's claim construction. If your client is unwilling to consider dismissing its claims, it is doubtful that advancing the date of the formal mediation will accomplish any resolution.

You agreed to check with your client on their availability for March 25, and we ask that you get back to us by tomorrow morning. We look forward to hearing from you.

Regards,
Madison


**Madison C. Jellins**
**JELLINS CHRISTENSEN LLP**
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Direct: (650) 241-0192
mjellins@jciplaw.com
www.jciplaw.com

1