**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC.<br><br>                         Plaintiff,<br><br>vs.<br><br>ACCURAY, INC., a corporation;<br><br>                         Defendant. | Case No. 2:10-CV-1043 (TFM) |

***ACCURAY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
STRIKE AND PRECLUDE BMI'S INFRINGEMENT CONTENTIONS
UNDER THE DOCTRINE OF EQUIVALENTS***

Kirsten R. Rydstrom
PA ID No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
Jellins Christensen LLP
228 Hamilton Avenue
Third Floor
Palo Alto, CA  94301
650-241-0192
mjellins@jciplaw.com

Janice A. Christensen
Jellins Christensen LLP
50 Main Street
Suite 100
White Plains, New York 10606
Counsel for Defendant,
Accuray Incorporated
347-394-5249
jchristensen@jciplaw.com

The Court can decide this motion based on one sentence in BMI's opposition. Conceding that its latest infringement contentions are a renewed blanket reservation to assert the DOE sometime in the future, BMI plainly states that it is "still proceeding under a theory of literal infringement, but *is reserving the right to allege doctrine of equivalents* . . . in a timely manner should evidence or arguments be produced or advanced during fact discovery which would warrant such an amendment." (Opp Br. p. 5) Everything else in BMI's brief is a distraction. Rather than providing the information required under LPR 3.2, BMI attempts to sidestep the rule and *again* delay its obligation to provide DOE contentions until the end of discovery or the eve of trial. Because BMI has repeatedly disregarded the Court's admonition that it must "strictly comply with all of its obligations under the Local Patent Rules for the remainder of this case," BMI's deficient contentions should be stricken in their entirety and BMI should be precluded from asserting infringement under the doctrine of equivalents in this case.

I.   **BMI Concedes that its DOE Contentions are Conclusory and Believes that Nothing More is Required Under the Rules**

BMI concedes that its statement that "any differences . . . are insubstantial" is "conclusory," (Opp. Br. pp. 2-3) but somehow believes that this statement is "sufficient." LPR 3.2, however, explicitly requires the asserting party shall also explain *why* it contends that any differences between the claim and the accused device are not substantial. BMI has not done so. BMI summarily alleges that "there is literal infringement of each and every element of claims 25 and 29" and that "naturally, any differences would be 'insubstantial.'" (Opp. Br. pp. 2-3) Similarly, reciting the words "function", "way" and "result" followed by a boilerplate reference to the claim language does not "*explain* each function, way, and result that BMI contends are equivalent" as required under LPR 3.2. Without identifying the differences between the claimed subject matter and the MultiPlan® Treatment Planning System, as required under the rules, its

assertions amount to nothing more than a procedural placeholder lacking in substance.

BMI devotes an entire section of its brief to distinguishing the case law cited by Accuray, but none of its arguments address Accuray's main point – that a blanket reservation of infringement under the DOE is not permitted. Not only does BMI fail to refute this point, BMI concedes it. For example, in *Copper Innovations,* plaintiff attempted to change its infringement theory as a result of an unfavorable claim construction ruling. Here, BMI argues that it got a favorable claim construction (a point that Accuray disputes), yet still cannot state its theory of infringement under the DOE. BMI should be able to articulate infringement contentions under the DOE consistent with the Rule 11 analysis it purports to have performed before it filed suit, and with its analysis of Accuray's Initial Disclosure documents.

BMI's attempted distinction of the *Genentech* case is also nonsensical. *Genentech* is directly on point. The district court barred Genentech from proceeding on a theory of infringement under the DOE because plaintiff failed to raise the DOE in its Infringement Contentions until more than a year after it served its infringement contentions and after the court issued its claim construction order. On appeal, the Federal Circuit affirmed, finding that the district court did not abuse its discretion. Here, BMI still refuses to take a definitive position on infringement under the DOE after 30 months, after claim construction, and after being repeatedly warned it must strictly comply with the Local Patent Rules. Under these circumstances, the sanction of preclusion is warranted.

**II.    The Local Patent Rules Do Not Contemplate Fact and Expert Discovery
         Prior to Infringement Contentions and Discovery is Unnecessary**

BMI attributes its failure to provide adequate DOE contentions to the fact that it has not yet taken fact or expert discovery. However, neither the Local Patent Rules nor this Court's December 19, 2011 Order contemplate taking fact or expert discovery prior to plaintiff serving

2

its DOE contentions.[1]  None should be needed because the defendant has already produced documents "sufficient to show" how the accused instrumentality operates under LPR 3.1.  Based upon this document production, together with information gathered through a Rule 11 pre-filing analysis, a plaintiff should be prepared to provide meaningful infringement contentions (for both literal infringement and infringement under the DOE).

Previously in this case, BMI repeatedly stated that it was not asserting the DOE "now," but could not "say with certainty that the doctrine of equivalents will not be invoked" prior to the issuance of the Court's Claim Construction Order.  (Doc. No. 122 at 29)  This Court extended the deadline for BMI to serve its DOE contentions[2] until 14 days after the issuance of the Claim Construction Order. (Doc. No. 126, p. 6, FN 3)  The extension was not premised upon conducting fact and expert discovery because discovery had already been stayed until after the entry of the Claim Construction Order (Doc. No. 90, p. 2). Instead of making the decision required by the Court's Order, BMI now attempts to further extend indefinitely its blanket reservation of the DOE and blames its apparent inability to provide adequate DOE contentions on a lack of discovery.

BMI has been in possession of Accuray's Initial Disclosures document production since June 1, 2011.  Based on this document production, BMI set forth its literal infringement contentions (after being compelled to do so by this Court).  It is inconceivable that BMI could fashion its literal infringement contentions from the 14,000+ page Initial Disclosures document production, but somehow cannot state its DOE contentions based upon those documents.  The more plausible explanation is that BMI does not wish to expend the time and resources to

---

[1] Under LPR 3.2, DOE contentions are due 30 days after the Initial Scheduling Conference.
[2] BMI insisted on extending the stay of discovery until the mediation was complete.  Accuray offered multiple times to begin discovery earlier, but BMI refused.

3

crystallize its DOE theories until much later in the case. Indeed, BMI retained experts presumably to review Accuray's Initial Disclosures documents on March 11, 2013, *after* Accuray filed this motion to preclude, and over a year and a half after those documents were produced.

**III.    Accuray's Initial Disclosures Comport with LPR 3.4 and are Not at Issue**

In an effort to camouflage the deficiencies in its DOE contentions, BMI now attempts to call into question Accuray's Initial Disclosures document production – the same 14,000+ page production that BMI previously characterized as too voluminous to review when it wanted additional time to provide its literal infringement contentions. (Ex. 1) BMI now takes the opposite position and argues that it cannot provide DOE contentions because Accuray's Initial Disclosures were "limited, preliminary information" and did not include source code. (Opp. Br. p. 14). Contrary to BMI's position, LPR 3.1 does not require the production of documents in *every* category. The categories of documents ("source code, specifications, schematics, flow charts, artwork, formulas, drawings or other documentation, including sales literature) are exemplary in nature. Accuray was required to produce documents *sufficient to show* the operation of the accused MultiPlan system, and Accuray has done so. Accuray's 14,500 pages of documents were more than sufficient to show the operation of the accused system, and BMI never raised a formal objection to the sufficiency of Accuray's Initial Disclosures.

BMI never argued before that it was unable to provide adequate infringement contentions because it did not have access to Accuray's source code.[3] BMI's infringement contentions were never anywhere near that level of technical sophistication. BMI's argument now that it is

---

[3] BMI argues that only a handful of pages actually contain source code although many of the documents have a "source code" designation. However, the tiered Protective Order explicitly defines the highest level designation ("Highly Confidential – Source Code") as including, e.g., source code, formulas, engineering schematics, design documents, flow charts, drawings or schematics that describe the algorithms or structure of software or hardware designs.

incapable of asserting infringement contentions under the DOE until it has access to Accuray's source code is belied by the five rounds of infringement contentions that came before and is not in keeping with the purpose and policy of the Local Patent Rules. If BMI objected to Accuray's Initial Disclosures, it should have raised that objection when they were produced (over a year and one half ago). Tellingly, BMI asked permission for its technical experts to review Accuray's initial disclosures only *after* Accuray objected to BMI's DOE contentions (Ex. 2).

## IV.   Accuray Will be Prejudiced

BMI accuses Accuray of using inflammatory phrases such as "vexatious shuffling of positions," and "shifting sands," but those phrases come directly from the pens of judges who have dealt with plaintiffs' attempts to hide the ball until late in the case and perfectly capture the game BMI is trying to play. Under the current scheduling order (Doc No. 130), the discovery period is almost half gone, with virtually no discovery between the parties. BMI has still failed to articulate *any* theory of infringement under the DOE. If BMI is allowed to circumvent the Local Patent Rules, it is unlikely that BMI will provide infringement contentions under the DOE until the end of the discovery period or the eve of trial. This situation thus falls squarely within the facts of all the cases that BMI tries so mightily to distinguish. Accuray is prejudiced now because it cannot test BMI's non-existent theories of infringement under the DOE in discovery and will be further prejudiced by trying to scramble to take discovery on a newly-minted theory that BMI trots out at the last minute. BMI sued Accuray, and by now, should know its theories of infringement. The Local Patent Rules, the Court's Orders, and the case law all require it. The Court should sanction BMI for violating the Rules and its Orders by striking BMI's infringement contentions under the DOE and precluding BMI from asserting DOE in this case.

5

Dated this 2nd day of April, 2013.

/s/ *Kirsten R. Rydstrom*
Kirsten R. Rydstrom
Pa. I.D. No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA  15222
412-288-7284
fax:  412-288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
Jellins Christensen LLP
228 Hamilton Avenue
Third Floor
Palo Alto, CA 94301
650-241-0192
mjellins@jciplaw.com

Janice Christensen
Jellins Christensen LLP
50 Main Street
Suite 100
White Plains, New York 10606
Counsel for Defendant,
Accuray Incorporated
347-394-5349
jchristensen@jciplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system will send notification of such filing to all counsel of record.  Counsel may access such document using the Court's system.

/s/ Kirsten R. Rydstrom
*Attorneys for Defendant Accuray Incorporated*

Dated: April 2, 2013