**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC.<br><br>      Plaintiff,<br><br>vs.<br><br>ACCURAY, INC., a corporation;<br><br>      Defendant. | Case No. 2:10-CV-1043 (TFM) |

***ACCURAY'S SUR-REPLY BRIEF IN
OPPOSITION TO BMI'S MOTION FOR A PROTECTIVE ORDER***

Kirsten R. Rydstrom
PA ID No. 76549
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-7284
(412) 288-3063 (fax)
krydstrom@reedsmith.com

Madison C. Jellins
Jellins Christensen LLP
228 Hamilton Avenue
Third Floor
Palo Alto, CA 94301
650-241-0192
mjellins@jciplaw.com

Janice A. Christensen
Jellins Christensen LLP
50 Main Street
Suite 100
White Plains, NY 10606
347-394-5349
jchristensen@jciplaw.com

 Attorneys for Defendant
 Accuray Incorporated

2

I. **BMI Concedes that Fact Discovery Is Not Premature**

In its Reply, BMI appears to have silently abandoned its position that fact discovery is premature. (Doc. No. 185 at 2-4) Indeed, BMI's previous position is unsustainable given the fact that on April 12th, one day after Accuray filed its opposition to this motion, BMI propounded its own discovery requests (consisting of 44 document requests and 19 interrogatories). Although BMI had the opportunity to alert the Court that it had served its own discovery requests when it filed its Reply brief on April 15th, BMI failed to do so. Given that both sides have now initiated discovery, one of BMI's primary arguments for its motion is moot.

II. **BMI Has No Legal Support for its Objection that Accuray's Requests are Ultimate Conclusions of Law**

BMI's reply is devoid of case law to support its position that Accuray's requests are directed to ultimate legal conclusions.[1] BMI does not respond to Accuray's discussion of the case law, yet still maintains that:"(1) whether the accused device has all or is missing the elements of a claim, and (2) whether the prior art contains all or is missing the elements of a claim are ultimate legal conclusions in a patent case." The case law is contrary to BMI's position. *See, e.g., Phillip M. Adams and Associates v. Dell, Inc.,* No. 1:05-cv-64, 2007 U.S. Dist. LEXIS 3913 (D. Utah 2007). As Accuray explained in its opposition, after claim construction, the question of whether each limitation of the claim can be found in an accused infringing device or in a prior art reference is a factual question. *See* Doc. No.186 at 10-12.

III. **Dr. Rosen's Tutorial Provided A Detailed Explanation of the Background of the '283 Patent Technology**

BMI misunderstands the purpose of Accuray's reference to Dr. Rosen's declaration and tutorial. Dr. Rosen provided a detailed explanation of the background of the '283 patent

---

[1] BMI cites to one case, *United Coal*, for the general proposition that requests for admission should be phrased so that they can be admitted or denied with minimal explanation.

technology, and Accuray's Requests are designed in part to determine whether there is any dispute about these basic technological facts. If BMI disagrees with Dr. Rosen's explanation of the technology, presumably it can deny certain Requests. In addition, BMI can also look to other sources, including the '283 patent, the prior art of record, Accuray's Invalidity Contentions, and Accuray's Initial Disclosures to answer the Requests. As BMI will find, Dr. Rosen's tutorial is consistent with these other sources.

### IV.   Accuray's Requests Do Not Require Expert Analysis or Lengthy Explanations

BMI also complains that it cannot respond to Accuray's Requests without hours of expert analysis, and without lengthy and detailed explanations. Requests 1-90, 94-96, 98, 100, 105 and 106 call for admissions of basic facts and do not require either a lengthy response or an expert report. BMI provides three examples, but none of them proves its point.

For example, Request No. 37 is directed to a basic fact about how the simulated annealing optimization algorithm works. If BMI truly understands its own patent disclosure, it should be able to answer this question without any expert assistance. The answer can plainly be found within the Webb articles incorporated by reference in the '283 patent. Any qualified expert in the field could readily answer the question without any lengthy explanation. Indeed, this Request could be answered through a simple Wikipedia search or basic internet search.[2]

Request No. 58 simply asks BMI to admit or deny whether the Webb 1989 article discloses "an apparatus for determining an optimized beam arrangement for applying radiation to a tumor target volume while minimizing radiation of a structure volume in a patient as those terms are used in the claims of the '283 patent." The answer to this question can be found, for example, on the very first page of the Webb 1989 article. *E.g.* "A method of computing the beam profiles for

---

[2] *See, e.g.,* http://en.wikipedia.org/wiki/Simulated_annealing.

multi-element multiple-beam radiotherapy treatment is presented . . . The aim of all radical radiotherapy of local primary disease is to deliver a tumourcidal dose to a volume in space containing and possibly extending a little beyond the margins of disease whilst at the same time delivering as small as possible dose to normal tissue." (Doc. No.186, Ex. 6, p. 1349)  This excerpt is explained in detail in Accuray's LPR 3.4 Invalidity Contentions.

Request No. 95 asks BMI to admit that the royalty base for a reasonable royalty does not include the data management or treatment delivery components of the CyberKnife system. BMI is aware that the CyberKnife system includes three separate components: (1) data management, (2) treatment delivery and (3) treatment planning. The only portion of the CyberKnife system that BMI accuses of infringement is the treatment planning component, and thus a royalty base for a reasonable royalty should not include the data management or treatment delivery components. BMI should be able to admit or deny this with minimal effort. At most this request involves the application of law to fact, which is entirely permissible under Rule 36(a)(1)(a). BMI may qualify its answer, but may not refuse to answer.

Accuray's Requests do not require any lengthy discussion. Under the Rules, BMI is permitted to break down the Requests into sub-parts and respond to each. For example, if BMI admits to certain portions of a request, it may specifically call out those portions and admit them. Likewise, it may specifically call out and deny any portions of a Request to which it objects. Fed. R. Civ. P. 36(a)(4). This is not nearly as complicated as BMI makes it appear, and Accuray is entitled to BMI's position on these issues.

## V.     BMI's Vagueness Objection is No Excuse For Not Answering Accuray's Requests

BMI now argues that Accuray's Requests are vague because Accuray does not point to specific pages where the answers to the Requests can be found. Rule 36, however, requires BMI to provide a

statement of its understanding of the specific Request, and answer it based on that understanding, regardless of its vagueness objections.  *See, e.g., First Options of Chicago, Inc., Wallenstein*, No. 92-cv-5770, 1996 U.S. Dist. LEXIS 18774, at *3 (E.D. Pa., Dec. 17, 1996).  Furthermore, as Accuray explained, the Requests are taken from the '283 patent, the Webb articles incorporated by reference therein, Dr. Rosen's tutorial, BMI's infringement contentions, the pages of Accuray's Initial Disclosures which BMI cited in its infringement contentions, and the prior art references cited in Accuray's Invalidity Contentions.  BMI should know the contents of its own patent, including the Webb articles that are incorporated by reference and thus part of the '283 specification.  BMI should also know the contents of the pages from Accuray's Initial Disclosures that it cited to support its infringement contentions.  If BMI used an expert to assist in the preparation of its infringement contentions, it should already know the answers to Accuray's Requests.  If BMI did not use an expert, and does not understand these documents without the use of an expert, it begs the question of whether BMI ever had a good faith basis for its infringement contentions in this case.

Similarly, if BMI has read Accuray's Invalidity Contentions, it should know exactly where to look for answers to Accuray's Requests.   In August 2011, Accuray served its Invalidity Contentions, including a document which provided a detailed prose explanation of where each limitation of the claims is found in each of the prior art references, as well as a claim chart which pointed to specific pages, column and line numbers in the prior art.   BMI should be able to admit or deny which claim limitations are described in each of the prior art references, and pinpoint the disputed issues.  If BMI has not yet reviewed Accuray's Invalidity Contentions, it must do so now because Rule 36 requires BMI to make a reasonable inquiry.  Willful blindness does not excuse BMI from answering the Requests.

BMI's objection to the word "***the***" displays a calculated disregard of basic principles of mathematics.  As BMI must know, each algorithm is a mathematical description of a problem.  Each mathematical problem has a "solution set," a "cost" and "variables," and thus it is appropriate to use

4

the article "*the*" in relationship to those words. Such background information can be found on Wikipedia or a basic internet search. *See e.g.*, http://en.wikipedia.org/wiki/Simulated_annealing (referring to "*the* solution space").

BMI also mistakenly argues that Accuray is "trying to improperly shoehorn admissions as to general statements about general algorithms into a non-infringement argument regarding Accuray's specific algorithms." With respect to Claim 29, which BMI entirely ignores, the substantial differences between linear optimization algorithms and stochastic optimization algorithms such as simulated annealing are dispositive. In addition, Accuray's algorithms do not use the specific cost function of Claim 29, as construed by this Court. BMI protests that it needs much more discovery, including source code, before it responds to Accuray's Requests and actually commits to an infringement position. However, access to Accuray's source code will not help BMI overcome the flaws in its infringement theory. This case can be decided at a higher level of abstraction and without the additional and unnecessary burden and expense.

## VI. BMI Did Not Comply with the Meet and Confer Requirement

Ignoring the contemporaneous email correspondence, BMI argues that it complied with the meet and confer requirement. However, the exhibits attached to Accuray's opposition substantiate Accuray's description of the sequence of events. BMI refused to outline the specifics of its objections in advance, although it clearly knew what its arguments would be. Accuray simply asked BMI to provide some specificity to its objections so that Accuray could meaningfully respond during the meet and confer –a customary practice when preparing to address a potential discovery dispute. *See* Doc. No. 186, Ex. 1. BMI refused to provide the information, and unilaterally refused to meet and confer.

Accordingly, Accuray respectfully requests that the Court deny BMI's Motion for a Protective Order and order BMI to respond to Accuray's Requests Nos. 1-106 by April 25, 2013.

5

|  |  |
|---|---|
| Dated this 17th day of April, 2013. | /s/ *Kirsten R. Rydstrom*<br>Kirsten R. Rydstrom<br>Pa. I.D. No. 76549<br>REED SMITH LLP<br>225 Fifth Avenue<br>Suite 1200<br>Pittsburgh, PA 15222<br>412-288-7284<br>fax:  412-288-3063<br>krydstrom@reedsmith.com<br><br>Madison C. Jellins<br>Jellins Christensen LLP<br>228 Hamilton Avenue<br>Third Floor<br>Palo Alto, CA 94301<br>650-241-0192<br>mjellins@jciplaw.com<br><br>Janice Christensen<br>Jellins Christensen LLP<br>50 Main Street<br>Suite 100<br>White Plains, New York 10606<br>347-394-5349<br>jchristensen@jciplaw.com<br>*Counsel for Defendant,*<br>*Accuray Incorporated* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 17, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court.  The electronic case filing system will send notification of such filing to all counsel of record.  Counsel may access such document using the Court's system.

      /s/ *Kirsten R. Rydstrom*
      *Attorney for Defendant Accuray Incorporated*

Dated: April 17, 2013