**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BEST MEDICAL INTERNATIONAL, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v | ) | **2:10-cv-1043** |
| | ) | |
| **ACCURAY, INC.**, *a corporation*, | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court are DEFENDANT ACCURAY'S MOTION TO STRIKE AND PRECLUDE BMI'S INFRINGEMENT CONTENTIONS UNDER THE DOCTRINE OF EQUIVALENTS (ECF No. 175), with exhibits and brief in support; and the MOTION FOR PROTECTIVE ORDER REGARDING ACCURAY'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-106) (ECF No. 185) filed by Plaintiff Best Medical International, Inc. ("BMI") with exhibits and brief in support. Both motions have been fully briefed and are ripe for disposition.

Factual and Procedural Background

This is a patent infringement case which BMI initiated on August 6, 2010. In BMI's 13-count Amended Complaint, it contends that Accuray developed a new cancer treatment system, the CyberKnife VSI System, which allegedly infringed three of BMI's patents. By a March 9, 2011 Memorandum Opinion, the Court dismissed all but Counts 1 and 9 of the Amended Complaint with prejudice and dismissed the former employees named as Defendants by BMI. Subsequently, BMI successfully moved to dismiss Count 1 of the Amended Complaint with

prejudice. Thus, only Count 9 of the Amended Complaint (alleging direct infringement of the '283 Patent) remains before the Court.

By initiating a patent case in this Court, BMI has necessarily been on notice that the Local Rules of Practice for Patent Cases before the United States District Court for the Western District of Pennsylvania ("LPR") are applicable, including the disclosure requirements set forth in LPR 3.1 and 3.2. Unfortunately, BMI repeatedly failed to comply with its disclosure obligations. As a result, the Court granted several motions to compel filed by Accuray, and ordered BMI to pay counsel fees to Accuray as a sanction.[1]

On June 30, 2011, the Court issued an Order in which it observed that BMI's belated and apparent lackadaisical approach to its disclosure obligations under the Local Patent Rules was unacceptable. The Court ordered BMI to "fully comply with its initial disclosure obligations on or before July 7, 2011" and to "strictly comply with all of its obligations under the Local Patent Rules throughout the remainder of this case."

On July 18, 2011, Accuray notified BMI that its amended disclosures failed to cure the alleged deficiencies Accuray had identified in the original chart – inter alia, by failing to disclose whether or not BMI is asserting infringement under the doctrine of equivalents. By Memorandum Order of August 19, 2011, the Court agreed "with the shortcomings in BMI's Amended Infringement Contentions set forth in the letter of July 18, 2011 from Accuray's counsel." The Court Ordered that BMI "must specifically state whether it is asserting the doctrine of equivalents."

In a December 2011 Opinion, the Court acknowledged that "BMI has represented that it is not now relying on the doctrine of equivalents." The Court then noted: "If BMI attempts to

[1] The Court is well-aware that such conduct occurred prior to the appearance of BMI's current counsel of record.

assert the doctrine of equivalents later in the case, or seeks to otherwise amend its contentions, the Court will address the issue at that time. Such issues are not ripe now. No later than fourteen (14) days after the Court's Markman rulings, BMI will be required to definitively state whether or not it will assert the doctrine of equivalents."

On January 11, 2013, the Court issued a Memorandum Opinion and Order regarding claim construction. On January 21, 2013, BMI filed notice of its intent to assert the doctrine of equivalents. On January 28, 2013, BMI served on Accuray an Amended Supplemental Claim Chart which asserts infringement of claims 25 and 29 of the '283 Patent under the doctrine of equivalents. Specifically, in addition to claiming literal infringement, BMI added a column to the chart to assert the doctrine of equivalents -- in the alternative. As to the various doctrine of equivalents claims in the chart, BMI states that the CyberKnife system "performs substantially the same function [ ] in substantially the same way [ ] to achieve the same result [ ]." BMI further states: "Any differences between the Accuray CyberKnife MultiPlan Treatment Planning System and the claim element are insubstantial." These motions followed.

Discussion

A. Doctrine of Equivalents

The "doctrine of equivalents" is intended to prevent a fraud on the patent. Thus, it recognizes infringement if "the essence of the invention used is identical even though the superficial form is different." *Systematic Tool & Mach. Co. v. Walter Kidde & Co., Inc*., 555 F.2d 342, 347 (3d Cir. 1977) (citing *Graver Tank & Mfg. Co. v. Linde Air Products Co*., 339 U.S. 605, 608 (1950)) ("if two devices do the same work in substantially the same way, and

accomplish substantially the same result, they are the same, even though they differ in name, form, or shape.”).

Accuray contends that BMI’s doctrine of equivalents disclosures fail to comply with LPR 3.2 because they are boilerplate, lack specificity, and should have been asserted much earlier in the case because they do not rely on the claim construction rulings in any way. In particular, Accuray argues that BMI is not entitled to simply reserve a blanket right to allege the doctrine of equivalents at some time in the future. Accuray contends that it will be prejudiced by being deprived of the opportunity to test a last-minute theory of infringement through discovery.

BMI agrees that it is still pursuing a “literal” infringement theory, and that its doctrine of equivalents arguments are based on the “exact same accused instrumentalities.” BMI also recognizes that it has included a “conclusory statement” in its doctrine of equivalents disclosures, but contends that they are “sufficiently detailed” under the circumstances. Finally, BMI explains that it is merely attempting to reserve its right to assert detailed doctrine of equivalents contentions if warranted by discovery.[2] As BMI stated on December 2, 2011, it seeks to reserve the right to pursue the doctrine of equivalents “if it becomes evident that each element is no longer present literally.”

The Local Patent Rules are designed to create a streamlined process that hastens resolution of the dispute on the merits by providing structure to discovery to enable the parties to more effectively address claim construction and resolution of the dispute. *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 WL 5477477 *2 (N.D. Cal. 2010) (citations omitted). The

---

[2] BMI now contends that Accuray’s Initial Disclosures in June 2011 were incomplete because they did not contain source code. However, BMI never objected at the time – other than to claim that Accuray’s 14,000 page disclosures were too voluminous. The Court will not now consider BMI’s untimely challenge to Accuray’s Initial Disclosures.

LPRs require a party claiming infringement to “crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed.” *Id*. Further, a plaintiff must “include in its infringement contentions all facts known to it, including those discovered in its pre-filing inquiry.” *Id*. The text of LPR 3.2 requires that a plaintiff’s infringement contentions be “as specific as possible” and provides, in relevant part:

> LPR 3.2 DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS
>
> Not later than thirty (30) calendar days after the Initial Scheduling Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information: . . . Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality, and if present under the doctrine of equivalents, the asserting party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

The Local Patent Rules do not contemplate that contentions regarding the doctrine of equivalents will be “reserved” until the close of discovery. Instead, the LPRs contemplate that they will be set forth up front. The Court agrees with Accuray that BMI’s disclosures are not sufficiently detailed. A plaintiff must set forth its theories of infringement “with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves.” *DataTreasury Corp. v. Wells Fargo & Co*., 2010 WL 3912486 *3 (E.D. Tex. 2010). The contentions of BMI regarding the doctrine of equivalents do not meet this standard. Therefore, the Court will strike the doctrine of equivalents contention set forth in the January 2013 Amended Supplemental Claim Chart.

Accordingly, DEFENDANT ACCURAY'S MOTION TO STRIKE AND PRECLUDE BMI'S INFRINGEMENT CONTENTIONS UNDER THE DOCTRINE OF EQUIVALENTS (ECF No. 175), will be **GRANTED**.

B. Requests For Admissions

BMI seeks protection from having to respond to 106 separate Requests for Admissions filed by Accuray on the day after the first mediation session. To date, the parties have participated in two mediation sessions but have not engaged in discovery beyond the initial disclosures. BMI objects to the sheer number of requests and the apparent gamesmanship of the timing – as lead counsel for BMI was ordered by another Judge of this Court to participate in depositions on each day of April 2013. BMI also objects that certain, itemized requests are vague and/or seek ultimate legal conclusions or expert opinions. In the alternative, BMI requested that it be granted additional time to respond.

Accuray contends that its requests were carefully tailored to streamline the case; and seek basic, uncontroverted facts. Accuray points out that the discovery clock has begun ticking, and contends that these requests will make the discovery process more efficient. Finally, Accuray contends that the requests meet every legal requirement of Fed. R. Civ. P. 36.

It is now apparent that the parties did not settle the case at the second mediation session on May 16, 2013. Moreover, BMI has already received substantial additional time to prepare responses to the requests. The sheer number of requests does not violate the Rules of Civil Procedure, because requests for admissions are designed to narrow the issues for trial, and thereby advance the just, speedy and inexpensive determination of the case. *See, e.g., Synthes (U.S.A.) v. Globus Medical, Inc*., 2006 WL 3486544 (E.D. Pa. 2006) (ordering party to answer

622 requests for admission).  Although requests for admissions typically occur late in discovery, *see id*., there is no temporal prohibition on when they may be filed and Rule 36(a)(3) requires a response within 30 days.  *See also RLA Marketing, Inc. v. WHAM-O, Inc*., 2007 WL 766351 *4 (D.N.J. 2007).  A party may serve requests for admission relating to: "facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1)(A).  Thus, the Court is not persuaded by BMI's contentions that responses may involve "ultimate issues" or require expert assistance.  The responding party, pursuant to Rule 36(a)(4), may not assert a lack of knowledge unless it has made a "reasonable inquiry" based on "information it knows or can readily obtain."

The Court has reviewed the numerous categorical objections of BMI to the requests.  Although the Court is not particularly convinced by BMI's positions, it concludes that it is premature to finally rule on them at this juncture.  The better procedure is for BMI to actually answer the requests in accordance with Rule 36(a)(4) and (5), and for counsel to meet and confer as necessary, before bringing any remaining disputes to the Court for resolution on a more fully-developed record.

In accordance with the foregoing, the MOTION FOR PROTECTIVE ORDER REGARDING ACCURAY'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-106) (ECF No. 185) will be **DENIED** and BMI shall be required to respond to the requests on or before July 22, 2013.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BEST MEDICAL INTERNATIONAL, INC., Plaintiff,** | ) | |
| **v** | ) | **2:10-cv-1043** |
| **ACCURAY, INC.**, *a corporation*, **Defendant.** | ) | |

**ORDER OF COURT**

AND NOW, this 1st day of July, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that:

(1) DEFENDANT ACCURAY'S MOTION TO STRIKE AND PRECLUDE BMI'S INFRINGEMENT CONTENTIONS UNDER THE DOCTRINE OF EQUIVALENTS (ECF No. 175) is **GRANTED,** in that the doctrine of equivalent contentions set forth by BMI in the January 2013 Amended Supplemental Claim Chart are hereby stricken; and

(2) the MOTION FOR PROTECTIVE ORDER REGARDING ACCURAY'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-106) (ECF No. 185) is **DENIED**. BMI shall respond to the requests on or before July 22, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Eric Soller, Esquire**
Email: egs@pbandg.com
**Eric P. Reif, Esquire**
Email: epr@pietragallo.com
**Douglas M. Hall**
Email: dmh@pietragallo.com

**Kirsten R. Rydstrom, Esquire**
Email: krydstrom@reedsmith.com
**Janice A. Christensen, Esquire**
Email: jchristensen@jciplaw.com
**Madison C. Jellins, Esquire**
Email: mjellins@jciplaw.com