IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:10-cv-1043 |
| | ) | |
| ACCURAY, INC., *a corporation*, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the EXPEDITED MOTION FOR LEAVE OF ERIC G. SOLLER, ESQUIRE, DOUGLAS M. HALL, ESQUIRE AND PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP'S MOTION TO WITHDRAW AS COUNSEL, AND RELATED REQUEST BY BEST MEDICAL INTERNATIONAL, INC. ("BMI") FOR A SHORT STAY OF THE CASE TO OBTAIN SUBSTITUTE COUNSEL (ECF No. 204). Defendant Accuray, Inc. ("Accuray") filed an extensive brief in opposition to the motion, with numerous exhibits. On January 23, 2014, the Court held a status conference, in which outside counsel of record for BMI and Accuray participated in person and in-house legal counsel for BMI and Accuray participated by telephone. The Court also engaged in extensive *in camera* conferences with counsel for each side.[1] The motion is now ripe for disposition.

---

[1] Also pending (and fully briefed) is DEFENDANT ACCURAY'S EXPEDITED MOTION TO STRIKE BMI'S INFRINGEMENT CONTENTIONS (ECF No. 202).

1

Factual and Procedural Background

This is a complex patent infringement case which BMI initiated on August 6, 2010. BMI contends that Accuray developed a new cancer treatment system, the CyberKnife VSI System, which allegedly infringed three of BMI's patents. Only Count 9 of the 13-count Amended Complaint (alleging direct, literal infringement of the '283 Patent) remains.

The representation of BMI by the Pietragallo firm has been effective and professional. Unfortunately, prior to the participation of the Pietragallo firm (while BMI was being represented by former BMI in-house counsel Brit Groom) BMI repeatedly failed to comply with its disclosure obligations under the Local Rules of Practice for Patent Cases before the United States District Court for the Western District of Pennsylvania ("LPR") and/or Court deadlines. As a result of BMI's belated and lackadaisical approach to its disclosure obligations, the Court granted several motions to compel filed by Accuray, and ordered BMI to pay counsel fees to Accuray as a sanction.

This litigation is now moving into a new stage. Fact discovery closed on January 17, 2014, with the exception of 16 depositions which counsel agreed could be taken after the discovery deadline.[2] Accuray suggests that other discovery disputes and tasks may remain, although no other discovery motions are now pending. The next step in the litigation is an expert discovery phase. Accuray proposes that initial expert disclosures be made within 30 days after the completion of the depositions; with rebuttal expert disclosures to follow 30 days later; and expert depositions to be taken within 45 days after that date. Extensive time and effort will be required to complete the fact depositions and expert phase of the case. Extensive summary

---

[2] Apparently, eight depositions were noticed by each side. Many of the depositions will require travel to California.

judgment briefing is likely and, if the case is not resolved, a lengthy jury trial may be necessary. Although this case is already over three years old, the end is not yet in sight.

Legal Analysis

The motion to withdraw as counsel in this complex patent litigation case presents the Court with a dilemma, as it must endeavor to balance the competing interests of BMI, Accuray, the Pietragallo firm, and any new attorney(s) who may enter an appearance on behalf of BMI. In *Thompson v. Wyrks Tool & Machine Ltd*, 2010 WL 2574072 (W.D. Pa. 2010), this member of the Court summarized the applicable legal principles:

> In *Buschmeier v. G&G Investments*, 222 Fed. Appx. 160 (3d Cir. 2007) (non-precedential), the Court of Appeals recognized the general rule that corporations must be represented in court through counsel. 222 Fed. Appx. at 162. However, the Court noted that there is "play in the joints" and that courts may permit withdrawal of counsel and then inform the corporation that it may not proceed without retaining new counsel. *Id.* at 163. Of course, if the corporation does not obtain replacement counsel, it faces the potential entry of sanctions, including an adverse judgment. The *Buschmeier* Court explained that the proper withdrawal calculus requires a three-part test: (1) the burden imposed on withdrawing counsel; (2) the stage of the proceeding; and (3) the potential prejudice to all parties. *Id*. at 164. In that context, it is entirely appropriate—if not necessary—for Magistrate Judge Bissoon to solicit input from not only movants and Defendants, but also Plaintiff's counsel as to the respective burden(s), if any, of ESCM's requested withdrawal before ruling on the pending motion.

*See also* Local Rule 83 (C)(4) (no attorney may withdraw an appearance except upon the filing of a written petition, stating reasons, with leave of Court and reasonable notice to the client.) The Court finds that the pending motion to withdraw as counsel, as supplemented during the conference on January 23, 2014, fully complies with Local Rule 83. In particular, BMI has been on notice of the dispute with counsel for many months.

The Pietragallo firm seeks to withdraw as counsel because BMI has been unable to pay its substantial legal bills. The actual details are known to the Court and were provided *in camera* and under seal. The issue has been brewing for a considerable period of time. BMI and the Pietragallo firm have explored numerous options for it to remain on the case. At this point in time, the Pietragallo firm is owed a considerable sum of money; there is no reasonable expectation of payment; and the upcoming tasks in the case will require significant time and effort.

BMI does not oppose the motion for the Pietragallo firm to withdraw as counsel. Mr. James Brady, in-house counsel for BMI, represented to the Court that BMI is ready and able to obtain replacement counsel. BMI has identified a prospective new counsel of record, an experienced patent attorney who is aware of the circumstances which prompted the motion for withdrawal by the Pietragallo firm.[3] BMI has already retained this attorney, albeit for the limited purpose of investigating whether he would be willing to take over the case. In order to make an intelligent and informed decision, the attorney wants to examine certain key documents (for example, BMI's most recent infringement contentions) which are subject to a Stipulated Protective Order. Accuray opposes such examination. More generally, BMI has requested a sixty (60) day stay to obtain new counsel and enable the new attorney(s) to be adequately prepared to effectively advance the case.

Accuray argues that the Pietragallo attorneys should not be permitted to withdraw their appearances until after fact discovery is completed and BMI has identified replacement outside counsel. In addition, Accuray suggests that BMI may no longer have standing to pursue this case

---

[3] The name of this prospective replacement attorney has been made known to the Court and opposing counsel.

because the '283 Patent served as collateral for a security note and may be subject to foreclosure by Wells Fargo Bank.[4] Accuray strongly objects to any further delay in this case.

The Court turns now to application of the *Buschmeier* factors to the facts and circumstances of this case.

1. Burden on Withdrawing Counsel

In *Buschmeier*, the Court of Appeals explained that a $100,000 debt owed to a large, national law firm constituted a sufficient burden to justify withdrawal of counsel. The unpaid legal fees owed by BMI to the Pietragallo firm in this case are far greater. Moreover, the pending depositions and the upcoming expert phase will require substantial time and energy by counsel, without a reasonable prospect of being paid. In sum, the Court finds that the burden on the Pietragallo firm of continued representation of BMI in this case is severe. This factor weighs strongly in favor of withdrawal.

2. Stage of Proceeding

As set forth above, fact discovery has closed, with the exception of 16 depositions. After completion of these depositions, an expert phase will begin. There is only one pending motion, which has been fully briefed and is ripe for decision by the Court without further input from counsel. Although it may be somewhat more efficient for current counsel to participate in some or all of the remaining depositions, a substitution of counsel at this stage would provide the new attorney(s) an opportunity to obtain deposition testimony in support of their theory of the case

---

[4] No motion is pending to challenge BMI's standing, and it will not be further addressed at this time. The Court recognizes that it has a non-delegable duty to ensure its continued jurisdiction. However, it appears that BMI remains the owner of the '283 Patent. Even if ownership is transferred, the applicable analysis may involve a substitution of party pursuant to Fed. R. Civ. P. 25(c), rather than dismissal for lack of standing.

and to participate in the selection of expert witnesses. Any change of attorneys in this technically complex case will be difficult. This factor weighs against withdrawal, but is overshadowed by the burden on the Pietragallo firm.

3. Prejudice

The interests of at least three participants must be balanced, each of whom may suffer significant prejudice. The interests are largely in tension, such that they cannot be fully reconciled.

- A. The Pietragallo firm has accrued a massive unpaid bill for services, which is likely to remain unpaid. It would be forced to incur significant additional fees to proceed with this case.
- B. BMI, as a corporation, must be represented in this Court by an attorney. Further, given the existing protective order and highly confidential information at issue, BMI must retain outside counsel. If BMI is unable to secure replacement counsel in a timely manner, this case will be dismissed for failure to prosecute. *See Buschmeier*. Obviously, such a sanction would drastically impact BMI. The potential prejudice to BMI is considerably diminished, however, by its representation that it is ready, willing and able to obtain replacement counsel. BMI does not oppose withdrawal of the Pietragallo firm and has already taken steps to secure replacement counsel.

  Any newly-retained lawyer will require some time to effectively familiarize himself/herself with the complex technical and procedural issues in the case. On the other hand, BMI has been aware of its unpaid legal bill to the Pietragallo firm for a

considerable period of time, and therefore, has already had notice and an opportunity to obtain replacement counsel.

C. Accuray has an interest in resolving the allegations of patent infringement which it has been facing since 2010. Throughout this over-three-year-old litigation, it appears to the Court that Accuray has been trying to push this case to finality, while BMI has been dragging its feet. Of the original 13 claims in the lawsuit, only one claim remains. Any substitution of counsel would result in at least some further delay in this case, and would likely cause Accuray to incur additional counsel fees in dealing with new counsel.

After considerable reflection, the Court will balance and reconcile these interests as follows:

(1) this case will be STAYED, except for the Court's resolution of the outstanding motion to strike infringement contentions;

(2) on or before March 3, 2014, BMI shall obtain replacement "outside counsel of record." Failure of replacement counsel to enter an appearance by that date shall result in dismissal of this case for failure to prosecute;

(3) the parties, and replacement counsel, shall be prepared to fully comply with the following deadlines for the upcoming phases of this litigation:

    (a) the remaining 16 depositions shall be completed on or before April 15, 2014;

    (b) initial expert disclosures by each party pursuant to Rule 26 shall be made no later than May 15, 2014;

    (c) rebuttal expert disclosures by each party shall be made no later than June 16, 2014;

    (d) expert depositions shall be completed no later than August 1, 2014.

(4) the motion by the Pietragallo firm to withdraw as counsel is TAKEN UNDER ADVISEMENT, but will be granted upon the entry of appearance by replacement counsel for BMI or the March 3, 2014 deadline. Pietragallo shall continue to perform its duty as repository for Accuray's confidential documents that cannot be shared with BMI unless/until replacement outside counsel is of record; and

(5) proposed replacement counsel for BMI shall be deemed "Outside Counsel of Record" as defined in ¶ 2.12 of the Stipulated Protective Order and shall be entitled to review all documents in this case (including Accuray's proprietary and confidential documents) for the limited purpose of deciding whether or not to accept the engagement, subject to his execution and full compliance with the terms of the Stipulated Protective Order. Any such review of documents shall not extend the March 3, 2014 deadline.

This resolution limits the future burden to the Pietragallo firm, gives BMI a reasonable opportunity to fulfill its representation that it will be able to obtain replacement counsel; gives new counsel time to prepare to represent BMI's interests in this complex case, and provides a clear schedule which minimizes any further delay in the case. It is also consistent with the guidance of the Court of Appeals for the Third Circuit in *Buschmeier*.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEST MEDICAL INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:10-cv-1043 |
| | ) | |
| ACCURAY, INC., *a corporation*, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COURT

AND NOW, this 24th day of January, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that the EXPEDITED MOTION FOR LEAVE OF ERIC G. SOLLER, ESQUIRE, DOUGLAS M. HALL, ESQUIRE AND PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP'S MOTION TO WITHDRAW AS COUNSEL, AND RELATED REQUEST BY BEST MEDICAL INTERNATIONAL, INC. FOR A SHORT STAY OF THE CASE TO OBTAIN SUBSTITUTE COUNSEL (ECF No. 204) is **GRANTED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**, as follows:

(1) this case is hereby STAYED, except for the Court's resolution of the outstanding motion to strike infringement contentions;

(2) on or before March 3, 2014, BMI shall obtain replacement "outside counsel of record." Failure of replacement counsel to enter an appearance by that date shall result in dismissal of this case for failure to prosecute;

(3) the parties, and replacement counsel, shall be prepared to fully comply with the following case management deadlines for the upcoming phases of this litigation:

    (a) the remaining 16 depositions shall be completed on or before April 15, 2014;

    (b) initial expert disclosures by each party pursuant to Rule 26 shall be made no later than May 15, 2014;

    (c) rebuttal expert disclosures by each party shall be made no later than June 16, 2014;

    (d) expert depositions shall be completed no later than August 1, 2014.

(4) the motion by the Pietragallo firm to withdraw as counsel is TAKEN UNDER ADVISEMENT, but will be granted upon the entry of appearance by replacement counsel for BMI or the March 3, 2014 deadline. Pietragallo shall continue to perform its duty as repository for Accuray's confidential documents that cannot be shared with BMI unless/until replacement outside counsel is of record; and

(5) proposed replacement counsel for BMI shall be deemed "Outside Counsel of Record" as defined in ¶ 2.12 of the Stipulated Protective Order and shall be entitled to review all documents in this case (including Accuray's proprietary and confidential documents) for the limited purpose of deciding whether or not to accept the engagement, subject to his execution and full compliance with the terms of the Stipulated Protective Order. Any such review of documents shall not extend the March 3, 2014 deadline.

                                               BY THE COURT:

                                               s/Terrence F. McVerry
                                               United States District Judge

cc: All counsel of record (Via CM/ECF).

**Counsel for BMI shall provide expedited copies of this opinion to BMI and proposed replacement counsel.**

For BMI:
    **Eric Soller, Esquire**
    **Douglas M. Hall, Esquire**

For Accuray:
    **Kirsten R. Rydstrom, Esquire**
    **Janice A. Christensen, Esquire**
    **Madison C. Jellins, Esquire**